LIMPERT, by Guardian *ad litem,* and others, Plaintiffs and Appellants, v. SMITH and others, Defendants and Appellants: AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN and another, Defendants and Respondents: CZARNECKI and another, Third-Party Defendants and Appellants. [Case No. 130.]
CZARNECKI, Plaintiff and Appellant, v. SMITH and others, Defendants and Appellants: AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN and another, Defendants and Respondents. [Case No. 131.]

*Nos. 130, 131. Argued November 28, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 29.)

634

For the appellants there was a brief by *Fulton, Menn & Nehs, Ltd.*, attorneys, and *Peter S. Nelson* of counsel, all of Appleton, for Francis Czarnecki, Daniel Limpert, Jr., Daniel Limpert, Sr., and Mary Ann Limpert; and by *Byrne, Bubolz, Spanagel & Pfankuch,* all of Appleton, attorneys for Home Mutual Insurance Company and Harriet A. Bekkers; and *Dempsey, Dempsey, Magnusen & Williamson,* all of Oshkosh, attorneys for Allstate Insurance Company and Francis Czarnecki; and *Edgar E. Becker* of Appleton, attorney for Robert J. Smith; and *Bollenbeck, Patterson, Froehlich, Jensen & Wylie,* all of Appleton, attorneys for Harriet A. Bekkers; and oral argument by *Mr. Nelson.*

For the respondent American Family Mutual Insurance Company there was a brief by *Bradford & Gabert* of Appleton and oral argument by *Stanley R. Gabert.*

BEILFUSS, J. Does the insurance policy issued to a father who sponsored his son's driver's license include coverage for the father's imputed negligence and liability resulting from the son's negligence in operating the son's own car?

The policy in question provides, on behalf of the named insured, coverage for all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage which arises out of the ownership, maintenance or use of the owned automobile or any nonowned automobile. Gregory's 1963 Chevrolet is not an owned automobile and is not included as a nonowned automobile within the meaning of this policy. An owned automobile is defined as a private passenger automobile owned by the named insured. The named insured is Robert J. Smith and the owned automobile insured is the 1966 Buick. A nonowned automobile is defined as an automobile not owned by the named insured or any resident of the same household. Gregory's 1963 Chevrolet is excluded as a nonowned automobile because Gregory owns the Chevrolet, is

Robert's son which makes him a relative,[1] and a resident of the same household.[2] Therefore neither Gregory nor his car were insured under Part I, Coverages A and B of the American Family policy. This is because the car he operated when the accident occurred was a car owned by a resident of the same household and not described in the policy. Therefore the car that Gregory owned was excluded from the "drive other cars" liability provisions of the policy.

The purpose of defining and limiting the meaning of these terms with respect to these coverage provisions in the automobile liability policies (which terms exclude liability arising out of the use of another automobile owned by or regularly used by a member of an insured's household) is to avoid coverage for several vehicles owned by members of the same family who, by their close relationship, might be expected to use each other's cars without hindrance and with or without permission. Without this limitation a person could purchase just one policy on only one automobile and thereby secure coverage for all the other vehicles he may own or vehicles the members of his family own while residents of the same household. *National Farmers Union Property & Casualty Co. v. Maca* (1965), 26 Wis. 2d 399, 405, 132 N. W. 2d 517; *Giese v. Karstedt* (1966), 30 Wis. 2d 630, 637, 141 N. W. 2d 886; and *McDonald v. Aetna Casualty & Surety Co.* (1970), 47 Wis. 2d 235, 177 N. W. 2d 101. There is no doubt that a car owner can insure all of the

---

[1] A relative is defined as a relative of the named insured who is a resident of the same household.

[2] Neither the affidavit nor the complaints specifically alleged that Gregory was a resident in the household of his father, but from the record it is reasonable to presume or infer that he did reside there at the time of the accident. Further, respondent insurance company does not deny such residence nor does it offer any evidence to the contrary in its brief. The trial court was also aware of this fact and specifically made the presumption of residence.

automobiles he owns, but he cannot do so under a policy describing only one such automobile and omitting all others owned by him or by household relatives. *McDonald v. Aetna Casualty & Surety Co., supra.*

Appellants next contend that since Part I—Liability, Persons Insured c., states that any other person legally responsible for the use of an automobile not owned by such person is an insured under Part I, Coverages A and B—such definition thereby provides coverage in the instant case. The appellants reason that since the liability of Robert J. Smith as a sponsor of Gregory is imposed by law under sec. 343.15 (2), Stats., and not dependent on which car is being used, Robert J. Smith is thereby a person legally responsible for his son's use of an automobile not owned by him within the policy. This particular provision standing alone would indicate that such coverage does exist. However, this court has consistently held that in construing a particular provision in an insurance policy, other provisions, and in fact the entire policy, should be considered to ascertain the true intent of the parties and the policy's coverage. *Leatherman v. American Family Mut. Ins. Co.* (1971), 52 Wis. 2d 644, 190 N. W. 2d 904, and *Tischendorf v. Lynn Mut. Fire Ins. Co.* (1926), 190 Wis. 33, 208 N. W. 917. In this case, Part I—Liability—coverage under A and B is still limited to only owned and nonowned automobiles. So a person insured under "Persons Insured c." is also thereby limited by the scope of coverage provisions A and B. The words "not owned" under "Persons Insured c." do not broaden coverage because these are the exact words which help to define a nonowned automobile— that is, "nonowned" means an automobile "not owned" by the named insured or any resident of the same household. Further, paragraph 2 of Condition 4 of the policy, *supra,* specifically states that the policy does not apply to any automobile owned by the named insured or any relative not described in the declaration of this policy.

The only automobile described in the policy's declaration is the 1966 Buick—not the 1963 Chevrolet owned by the named insured's son. The policy also specifically provides that the conditions in paragraph 2 of Condition 4 applies to all coverages in American Family's policy. Therefore the policy construed as a whole excludes coverage for the father as his son's sponsor under the facts of this case.

The appellants argue that the policy must be strictly construed against the insurer because the coverage provisions as opposed to the exclusion provisions are ambiguous and that public policy favors automobile coverage for the protection of the public. The policy in question is clear and unambiguous, therefore the rule of strict construction against insurers is not applicable. *Leatherman v. American Family Mut. Ins. Co., supra,* and *Tischendorf v. Lynn Mut. Fire Ins. Co., supra.* The policy specifically defines what automobiles are covered, what persons are insured, and what coverage is provided for. Plus, paragraph 2 of Condition 4 specifically excludes the policy's coverage to an automobile owned by the named insured or any relative not described in the declaration of the policy. The intent of this language is clear and plain on its face and its purpose is to avoid the same types of multiple coverage.[3] Additionally, when the terms of a policy are plain on their face, such policy should not be rewritten by construction to bind an insurer to a risk which it did not contemplate, or a risk it was unwilling to cover, and for which it was not paid. *Amidzich v. Charter Oak Fire Ins. Co.* (1969), 44 Wis. 2d 45, 170 N. W. 2d 813, citing *Inter-Insurance Exchange v. Westchester Fire Ins. Co.* (1964), 25 Wis. 2d 100, 104, 130 N. W. 2d 185, and *Lontkowski v. Ignarski* (1959), 6 Wis. 2d 561, 95 N. W. 2d 230. Therefore,

---

[3] To prevent a person from insuring all of his cars or all the cars in one household by taking out just one policy describing one car and paying only one premium.

the appellants should not be able to resort to the rules of construction for the purpose of modifying the contract or creating a new contract to provide coverage when the policy's provisions are clear and unambiguous. *Amidzich v. Charter Oak Fire Ins. Co., supra,* and *Pyykola v. Woody* (1971), 52 Wis. 2d 342, 190 N. W. 2d 534.

The appellants cite several cases, especially *Pecoraro v. Galvin* (La. App. 1971), 243 So. 2d 307, to support their contention that an insurance company should not be able to avoid liability under the sponsorship statute unless by an express exclusion inserted in the policy for that purpose. *Pecoraro* and the other cases do not stand for this proposition. The cases cited are also distinguishable from the one before us in respect to the persons insured, the automobiles involved, and the terms and conditions of the policy's coverage. To adopt appellants' contention would do violence to this court's approval of the basic purpose of the "drive other car" provisions which exclude liability coverage arising out of other automobiles owned or regularly used by members of the named insured's household. *McDonald v. Aetna Casualty & Surety Co., supra.* The statutory liability of the father for the son's negligence under sec. 343.15 (2) should not alter the applicability of the exclusion clause to the fact situation at bar. The son did have a policy which provided coverage in the amounts required for statutory public liability. If the father had sought to protect himself for any additional liability he could sustain under the sponsorship statute, he, in all probability, could have purchased an insurance policy to cover it. The obligation of the insurer in this case is spelled out and should be controlled by the terms of the automobile liability policy it issued. *McDonald v. Aetna Casualty & Surety Co., supra,* pages 240, 241. Under the terms of that contract there is no coverage.

*By the Court.*—Judgments affirmed.