Nancy L. TOOMEY, a Minor Child, by Violet Burtson, her Mother and Natural Guardian, and Violet Burtson, Individually, Appellants,

v.

Brian KRONE, Defendant,

Illinois Farmers Insurance Company, Respondent.

No. 51686.

Supreme Court of Minnesota.

March 6, 1981.

Rehearing Denied April 27, 1981.

Engebretson & Ulleberg, St. Paul, for appellants.

Rider, Bennett, Egan & Arundel and Lewis A. Remele, Minneapolis, for respondent.

SCOTT, Justice.

This appeal is taken from an order of the Anoka County District Court. In ruling on cross-motions for summary judgment, the court held that an insurance policy which excluded liability coverage to an insured's relatives if they owned their own vehicles, regardless of whether those vehicles were insured, did not violate Minnesota law. We affirm.

The relevant policy provisions are as follows:

Coverage A.

Company agrees to pay all damages the insured becomes legally obligated to pay because of (a) bodily injury to any person arising out of the ownership, maintenance or use, including loading or unloading, of the described automobile or a non-owned automobile.

DEFINITION OF INSURED.

The unqualified word "insured" includes

(b) with respect to a non-owned automobile,

(1) the named insured or a relative.

ADDITIONAL DEFINITIONS

*Non-owned automobile* means an automobile not owned by or regularly or frequently used by the named insured or *any resident of the same household*, other than the substitute automobile.

RELATIVE

*Relative* means a relative of the named insured who is a resident of the same household, *provided neither such relative nor spouse owns an automobile.*

(Emphasis added.) For purposes of summary judgment the parties stipulated to the facts, as follows:

NOW, THEREFORE, IT IS HEREBY AGREED by the parties, through their undersigned counsel, that in deciding the issue of law presented by the above ac-

tion, the Court may rely upon the following stipulated and undisputed facts:

1. On July 15, 1978, plaintiff Nancy Toomey was allegedly injured in a one-car accident while riding as a passenger in a pickup truck driven by defendant Brian Krone.

2. For purposes of this action only, it is agreed and stipulated that Brian Krone owned the pickup truck in which plaintiff Nancy Toomey was riding at the time of the accident. Further, it is agreed that Brian Krone had not purchased liability insurance for the pickup truck at the time of the accident, and he was not identified by name in any other contract for a plan of reparation security.

3. At the time of the accident, Brian Krone was living at home with his parents. Brian's father, Dennis Krone, owned a 1974 Cadillac Eldorado which was insured by Illinois Farmers Insurance Company. Dennis Krone was the only named insured on the policy.

This court has recently decided a similar issue involving no-fault coverage in *Iverson v. State Farm Mutual Automobile Insurance Co.*, 295 N.W.2d 573 (Minn.1980). In that case the widow of a man killed in an automobile accident sought *basic economic loss benefits* under an automobile policy issued to decedent. The company denied coverage on the basis of a policy exclusion. We held that the policy exclusion, which precluded coverage for an insured if injured while operating an owned but uninsured vehicle, was invalid with regard to no-fault benefits. In *Nygaard v. State Farm Mutual Automobile Insurance Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974), we held that a similar policy exclusion was invalid with regard to uninsured motorist coverage. However, this court has never considered a similar policy exclusion with regard to liability coverage.

The Minnesota No-Fault Act has not altered the basic framework of liability law. The premise underlying no-fault and uninsured motorist coverage is first-party in nature, as opposed to the third-party coverage involved in the instant case.

Our decision to affirm is consistent with the holdings in *Farber v. Great American Insurance Co.*, 406 F.2d 1228 (7th Cir. 1969) (interpreting Indiana law); *Jones v. Falcon*, 297 So.2d 746 (La.App.1974); and *Limpert v. Smith*, 56 Wis.2d 632, 203 N.W.2d 29 (1973).

Affirmed.