**Dustin MERSETH, a minor, by Angie MERSETH, his mother and guardian ad litem, Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, et al., Respondents.**

No. C2–86–644.

Court of Appeals of Minnesota.

July 8, 1986.

Review Denied Aug. 13, 1986.

Sean E. Hade, Jardine, Logan & O'Brien, St. Paul, for appellant.

Roderick D. Blanchard, Gayle C. Hendley-Zappia, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondents.

Heard, considered, and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Appellant brought this declaratory judgment action against respondent State Farm to determine whether appellant's homeowner's policy provided coverage. Summary judgment in favor of State Farm was granted. We affirm.

## FACTS

In January 1985, Christian Merseth used his pickup to deliver a load of firewood. The wood was loaded in such a way that the rear window of the truck cab was blocked. His five-year-old son, Dustin, rode in the back of the truck with his feet dangling over the tailgate. As Christian backed his truck down a driveway, he bumped into a utility pole. Dustin's leg was crushed between the tailgate and the pole.

Christian's homeowner's policy provided:
Section II—Exclusions:

1. Coverage L—Personal Liability and Coverage M—Medical Payments to Others do not apply to:

    \*    \*    \*    \*    \*    \*

(e) bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:

    \*    \*    \*    \*    \*    \*

(2) a motor vehicle owned or operated by, or rented or loaned to any insured * * *

    \*    \*    \*    \*    \*    \*

(g) bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured.

Insured is defined by the policy as follows:

Definitions

    \*    \*    \*    \*    \*    \*

3. "insured" means you and the following residents of your household:

a. your relatives;

b. any other person under the age of 21 who is in the care of any person named above.

The trial court found that the policy excluded coverage for any injury arising out of the use of a motor vehicle and any injury to any insured, and that the policy was not ambiguous. The trial court found that Christian had no expectation of coverage under the circumstances, and granted summary judgment in favor of State Farm.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

■ Appellant first contends that the household exclusion clause is ambiguous. Such is not the case. In clear and simple language, the policy excludes liability coverage for any bodily injury to an insured or a resident relative of the insured.

We have many times held that where there is no ambiguity in an insurance policy, there is no room for construction. Contracts of insurance must be construed according to the terms the parties have used, and the language used must be given its ordinary and usual meaning so as to give effect to the intention of the parties as it appears from the contract.

*Dairyland Insurance Co. v. Implement Dealers Insurance Co.*, 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972); *see also Western National Mutual Insurance Co. v. United States Fire Insurance Co.*, 269 N.W.2d 34, 36 (Minn.1978) (citing *Dairyland*). Under the policy, Dustin was an "insured" person because he was both a resident relative and a resident person un-

der 21 in the care of the named party on the policy. The household exclusion denied coverage for bodily injury to an "insured," and thus there was no coverage for Dustin's injury. Therefore, we must affirm the trial court's order granting summary judgment against appellant.

■ Appellant, however, contends that she should have been allowed additional discovery in order to establish coverage using the reasonable expectations doctrine.

In *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn.1985), the court considered a burglary insurance policy which contained an "evidence of forcible entry" requirement in its definition of burglary. The court found coverage based upon the reasonable expectations of the insured, even though the provision at issue was found to be clear, precise, and unambiguous. *Id.* at 278–79. The court seemingly adopted the reasonable-expectations-regardless-of-ambiguity doctrine, *see id.* at 279 (Simonett, J., concurring specially), although the court did not address how the decision affected the reasoning in prior cases such as *Dairyland.*

In a more recent case, the supreme court examined insurance provisions which were ambiguous. *Rusthoven v. Commercial Standard Insurance Co.*, 387 N.W.2d 642 (Minn.1986). The majority cited *Atwater* for the proposition that, while ambiguous language is to be construed in favor of the insured, "[t]he result of such a construction, however, must not be beyond the reasonable expectations of the insured." *Id.* at 645. The dissent argued that the majority thereby abandoned the reasonable-expectations-regardless-of-ambiguity doctrine as adopted in *Atwater*. *Id.* at 646 (Coyne, J., dissenting).

After cases such as *Dairyland, Atwater,* and *Rusthoven,* we are uncertain how the reasonable expectations doctrine applies in a case where the provision at issue is clear and unambiguous. It certainly does little good to distinguish the cases by their various approaches as either "rules of con-struction" or "contract theories" when the net results are the same.

In light of this uncertainty, we decline to apply the reasonable-expectations-regardless-of-ambiguity doctrine beyond the facts of *Atwater.* In *Atwater,* a major exclusion was hidden in the definitions section of the policy and it operated to defeat the reasonable expectations of the purchaser of the policy. *Atwater,* 366 N.W.2d at 278–79.

In the present case, the household exclusion clause was clearly set forth in the exclusions portion of the policy. Christian did not testify that he misunderstood the policy or that he was misled by the conduct or representations of the insurer. Rather, he testified only that the exclusion was not brought to his attention, that he relied on the expertise of the agent, and that various State Farm advertisements were a factor in his decision to purchase the policy.

Absent more specific direction from the supreme court, we cannot extend the doctrine of reasonable expectations to find coverage under these circumstances. No amount of further discovery could change this result. We note that the insurer also has reasonable expectations—that a policy which clearly, unambiguously, and in a straight-forward fashion sets forth the terms and scope of its coverage will be enforced according to those terms (absent evidence of actions taken to mislead the insured).

Because we decide this case based on the household exclusion, there is no need to address the motor vehicle exclusion.

### DECISION

The trial court's order granting summary judgment in favor of respondent is affirmed.