Gerald Eric **GUNDERSON**, Appellant,

v.

**CLASSIFIED INSURANCE CORPORATION,**
Respondent.

No. C7–86–1059.

Court of Appeals of Minnesota.

Dec. 30, 1986.

H.L. Newby, Jr., Marguerite N. Doran, Newby, Korman, Lindgren & Newby, Cloquet, for appellant.

Jeanne H. Unger, David M. Bolt, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

This declaratory judgment action arises out of a one-car accident in which a passenger in a car driven by appellant Gerald Eric Gunderson was injured. At the time of the accident, Gunderson was driving with the automobile owner's permission. Gunderson commenced this action against respondent Classified Insurance Corporation seeking liability coverage alternatively under a policy issued by Classified to his parents or under a separate policy issued by Classified to the automobile owner's parents. The trial court entered judgment in favor of Classified after determining that both policies clearly and unambiguously excluded coverage for the automobile involved in the accident. Gunderson appeals from this judgment and from a subsequent order denying his motion for a new trial.

## FACTS

The accident giving rise to this action occurred on October 31, 1978. The vehicle involved, a 1970 Dodge, was purchased by Leslie Anderson from his stepmother, Linda Anderson, in late August or early September 1978. Leslie Anderson was a minor at the time and intended to register the car in his name upon receipt of the title from his stepmother. Gunderson was driving the Dodge with Leslie Anderson's permission when the accident occurred. Gunderson was 15 years old at the time but was authorized to drive under a valid Minnesota learner's permit. As a result of the accident, passenger Timothy Schuster, allegedly suffered permanent and substantial injuries.

On the date of the accident, Leslie Anderson was residing with his stepfather and his natural mother, George and Karen Horsnell (n/k/a Karen Soukkala). The Horsnells were covered under a policy of automobile liability insurance issued by Classified that provided coverage only for automobiles owned by the "named insured" and "non-owned automobiles" when driven by the "named insured." Gunderson was

also covered under a policy issued by Classified with identical policy terminology.

On September 12, 1978, Karen Horsnell telephone Classified and asked a company representative to add the Dodge to the Horsnell policy as a "family car." Classified is a Wisconsin corporation with no agent in Minnesota and conducts all its business from corporate offices in Wisconsin. Karen Horsnell further informed Classified that the car would be driven 90% of the time by Leslie Anderson and 10% by herself. Classified did not elicit further information which would have established that the Dodge was paid for by Leslie Anderson and would be titled in his name. As a result of this telephone conversation, the Dodge was added to Horsnell policy and listed as an additional owned vehicle.

Following the accident, a personal injury lawsuit was commenced on Timothy Schuster's behalf against Leslie Anderson and Gerald Gunderson. Classified denied coverage to both Leslie Anderson and Gerald Gunderson, claiming that under the terms of the policies neither Anderson nor Gunderson was a "named insured" nor was the Dodge an "owned automobile." Gunderson then brought this declaratory judgment action seeking a determination that he was entitled to liability coverage alternatively under his parents' policy or under the Horsnell policy. The trial court concluded that the Classified policy provisions were unambiguous with respect to coverage; that the Dodge was not an "owned automobile" and that neither Anderson nor Gunderson was a "named" insured. The trial court also determined that since the policy provisions were unambiguous, Gunderson's expectation of coverage was not reasonable. This appeal, confined to coverage issues under the Horsnell policy, followed.

## ISSUE

Did the trial court err in determining that the Horsnell policy clearly and unambiguously precluded Gunderson's claim for liability coverage?

## ANALYSIS

In relevant part, the Horsnell policy provided:

### PART I—LIABILITY
\*    \*    \*    \*    \*    \*

**Persons insured.** The following are insureds under Part I:
(a) With respect to the *owned automobile,*
　(1) the *named insured,*
　(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured or an adult member of his household;
(b) With respect to a *non*-owned automobile, the *named insured;*
\*    \*    \*    \*    \*    \*

Definitions. Under Part I:
*"named insured"* means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household;
\*    \*    \*    \*    \*    \*

*"owned automobile"* means:
(a) a private passenger, farm or utility automobile or trailer *owned by the named insured* and described in the declarations and also includes a temporary substitute automobile,
\*    \*    \*    \*    \*    \*

*"non-owned automobile"* means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;
(Emphasis added). Gunderson does not claim that he is a "person insured" under the terms of the policy. Liability coverage under the policy thus falls into two areas for the purposes of this case: accidents involving the "owned automobile" and accidents involving a "non-owned automobile."

As defined, "owned automobile" means an automobile owned by the "named insured." Here, George and Karen Horsnell were the "named insureds." The parties agree that the Dodge was owned by Leslie Anderson, not by his parents. Therefore,

the Dodge was not an "owned automobile" because it was not a vehicle owned by the "named insured."

With respect to a "non-owned automobile," only the "named insured" is covered by the policy. As previously noted, George and Karen Horsnell were the "named insureds." In order for coverage to be provided, either George or Karen Horsnell must have been driving a vehicle that neither they *nor a relative* owned. The Dodge did not qualify as a "non-owned automobile" because it is undisputed that Leslie Anderson, a relative of the "named insured," owned the car.

Gunderson argues that the reasonable expectations doctrine set out in *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn. 1985), should be applied to extend coverage in this case, even if the insurance provisions at issue are clear and unambiguous. We recently rejected a similar argument in *Merseth v. State Farm Fire & Casualty Co.*, 390 N.W.2d 16 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Aug. 13, 1986).

In *Merseth,* we declined to extend the reasonable expectations doctrine beyond the facts in *Atwater,* which held that a major exclusion hidden in the definition section of the policy could not be used to defeat the reasonable expectations of the insured. The parents' homeowners' policy in *Merseth* clearly and unambiguously excluded coverage for bodily injuries to their minor child arising out of the use of a motor vehicle. Similarly, the provisions at issue here clearly exclude coverage.

While it is a conceded fact that Classified did not elicit information during its telephone conversation with Karen Horsnell which would have established that Leslie Anderson owned the Dodge, we think it significant that Karen Horsnell specifically requested that the Dodge be added to the policy as a *family car.* By characterizing the Dodge in this manner, intentionally or unintentionally, she conveyed the impression that she and her husband owned the vehicle, not her son. Gunderson cannot claim that Karen Horsnell was misled by Classified's conduct since it could not have insured the Dodge under the family policy had it known the true ownership of the vehicle. As stated by the Wisconsin Supreme Court in *Limpert v. Smith,* 56 Wis.2d 632, 203 N.W.2d 29 (1973):

The purpose of defining and limiting the meaning of these terms with respect to these coverage provisions in the automobile liability policies * * * is to avoid coverage for several vehicles owned by members of the same family who, by their close relationship might be expected to use each other's cars without hindrance and with or without permission. *Without this limitation a person could purchase just one policy on only one automobile and thereby secure coverage for all the other vehicles he may own or vehicles the members of his family own while residents of the same household.*

*Id.* at 638, 203 N.W.2d at 32–33 (emphasis added) (cited with approval in *Toomey v. Krone,* 306 N.W.2d 549, 550 (Minn.1981)).

We expressly adhere to our decision in *Merseth,* when, as here, the provisions at issue were clearly and unambiguously set forth in the policy and when the evidence fails to establish that the insureds were misled by conduct of the insurance company as to coverage. Since the Horsnell policy did not extend coverage to Leslie Anderson, and therefore derivatively to Gunderson, neither does it extend coverage to Gunderson directly.

## DECISION

The trial court did not err in determining that Gunderson was precluded from liability coverage under the policy.

Affirmed.