**MUTUAL SERVICE CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**Charles VanDOREN, et al.,**
**Respondents.**

No. C6–87–2472.

Court of Appeals of Minnesota.

May 31, 1988.

Review Denied July 28, 1988.

Richard J. Kruger, St. Paul, for appellant.

Russell J. LaCourse, Duluth, for respondents.

Heard, considered, and decided by HUSPENI, P.J., and PARKER and MULALLY,* JJ.

## OPINION

HUSPENI, Judge.

Mutual Service Casualty Insurance Company appeals the trial court's determination that liability coverage existed pursuant to the "non-owned car" provision of a personal automobile insurance policy issued to the insured. We reverse and remand.

## FACTS

In October 1981, Charles VanDoren was injured after he was struck by a pickup truck owned by Stanley Nelson and driven by his son, Randy Nelson. The pickup truck was a "yard truck" used only for hauling parts around the salvage yard. The accident occurred on the business premises owned by Stanley Nelson. The Nelsons also resided on the same premises.

A business automobile insurance policy issued by Mutual Service Casualty Insurance Company ("MSI") to Stanley Nelson was in effect at the time of the collision. The trial court found there was no coverage under this policy, and the parties do not dispute the court's ruling on this insurance policy.

A personal automobile insurance policy issued by MSI to Randy Nelson covering a 1966 Buick automobile also was in effect at the time of the accident. The policy provided liability coverage for use of vehicles defined as an "insured car" or a "non-owned car." The policy defined a "non-owned car" as follows:

Non-owned car means a car *not* owned by, registered in the name of or *furnished or available for the regular or frequent use of you, your spouse or any relative.* The use has to be with the

consent of the owner or person in the lawful possession of it.

(Emphasis added).

MSI moved for summary judgment claiming, in pertinent part, that there was no liability coverage available under Randy Nelson's policy because the pickup truck which he was driving at the time of the accident was not a "non-owned car" within the definition listed in his policy. MSI claimed that the exclusion applied because Randy and Stanley Nelson were "relatives" and because the pickup truck was available for Randy's "regular and frequent use" contrary to the policy definition of a "non-owned car."

The trial court found the pickup truck was a "non-owned car" within the policy definition, and that MSI was responsible for providing liability insurance coverage. The court noted that the insurance purported to cover vehicles other than the one identified and described in the policy. The court ruled that the purpose of excluding "relatives" was to avoid duplicate recoveries, and that there was no duplicate recovery or double coverage in this case.

Finally, the trial court stressed that finding the truck was *not* a "non-owned car" would conflict with the legislative policy favoring coverage. The court noted that residual liability coverage is required under the Minnesota No-Fault Act. Minn.Stat. § 65B.49, subd. 3 (1986). The court held that legislative policy favoring coverage would be advanced because Randy Nelson had purchased insurance under the Minnesota No-Fault Act, and because the truck was operated lawfully and with consent of its owner.

## ISSUE

Did the trial court err in finding liability insurance coverage on a "non-owned car" owned by a relative of the insured?

## ANALYSIS

MSI claims the trial court erred in finding the "non-owned car" provision preclud-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ing coverage to the named insured is contrary to the purposes of the Minnesota No–Fault Act. Minnesota's No–Fault Act provides that under residual liability insurance

> the reparation obligor shall be liable to pay, on behalf of the insured, sums which the insured is legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership, maintenance or use of a motor vehicle * * *.

Minn.Stat. § 65B.49, subd. 3(2). The No–Fault Act also provides that the "liability of the [insurer] with respect to the residual liability coverage required by this clause shall become absolute whenever injury or damage occurs." *Id.* § 65B.49, subd. 3(3)(a).

In *Toomey v. Krone*, 306 N.W.2d 549 (Minn.1981), the Minnesota Supreme Court found the exclusion of liability coverage under an insurance policy with a similar "non-owned automobile" provision was not contrary to the Minnesota No–Fault Act. In *Toomey*, the plaintiff was injured while riding as a passenger in a vehicle owned and driven by the defendant. The defendant had not purchased liability insurance for the truck, but lived with his parents who owned and insured their own vehicle. The parents' insurance policy similarly provided coverage for "non-owned automobiles," defined as automobiles *not* owned or regularly used by the named insured or a resident of the same household.

The Minnesota Supreme Court upheld the policy exclusion despite the court's prior rulings that similar exclusions were found invalid under the No–Fault Act in relation to recovery of economic loss benefits and uninsured motorist coverage. *Id.* at 550 (citing *Iverson v. State Farm Mutual Automobile Ins. Co.*, 295 N.W.2d 573 (Minn.1980) and *Nygaard v. State Farm Mutual Automobile Ins. Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974)). The *Toomey* court ruled as follows:

> The Minnesota No–Fault Act has not altered the basic framework of liability law. The premise underlying no-fault and uninsured motorist coverage is first-

party in nature, as opposed to third-party coverage involved in the instant case. *Id.* at 550.

In addition, this court has upheld the operation of the "non-owned automobile" definition to deny liability coverage. *Gunderson v. Classified Ins. Corp.*, 397 N.W.2d 922 (Minn.Ct.App.1986). In *Gunderson*, the plaintiff was injured while driving a borrowed car. The car's owner lived with his parents and had not insured the vehicle. The plaintiff sought to recover under the parents' insurance policy, but coverage was denied because of the failure to fit within the policy definition of a "non-owned automobile." This court cited with approval the policy concerns set out by the Wisconsin Supreme Court in *Limpert v. Smith*, 56 Wis.2d 632, 638, 203 N.W.2d 29, 32–33 (1973):

> The purpose of defining and limiting the meaning of these terms with respect to these coverage provisions in the automobile liability policies * * * is to avoid coverage for several vehicles owned by members of the same family who, by their close relationship might be expected to use each other's cars without hindrance and with or without permission. *Without this limitation a person could purchase just one policy on only one automobile and thereby secure coverage for all other vehicles he may own or vehicles the members of his family own while residents of the same household.*

*Gunderson*, 397 N.W.2d at 925 (emphasis in original).

Minnesota thus clearly holds that the operation of "non-owned automobile" provisions to preclude liability coverage are not contrary to the Minnesota No-Fault Act. Appellate court rulings upholding the validity of exclusionary clauses such as the one in issue here recognize the importance of avoiding "portable" coverage where one policy covers a number of vehicles used regularly by relatives.

We cannot conclude our analysis, however, without addressing a factor present in this case but absent in *Toomey* and *Gunderson*. In both *Toomey* and *Gunderson* the tortfeasors were not named in-

sureds. Instead, they attempted to obtain coverage under the policies issued to their parents. Here, Randy Nelson *is* a "named insured" under the MSI policy. Thus, a possible conflict arises in this case between the public policy concern of providing maximum coverage under the No–Fault Act and the concern expressed by appellate courts regarding "portable coverage."

Respondents claim that Randy Nelson paid premiums on the coverage claimed, and that both Nelson and MSI anticipated coverage under the circumstances present here. Respondents rely exclusively upon *Safeco Ins. Companies v. Diaz*, 385 N.W.2d 845 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. June 30, 1986) to support their argument. In *Safeco*, the insured was killed in an accident with the plaintiff while driving a car owned by the insured's brother. The plaintiff's claim for liability coverage under the brother's policy was denied by the trial court pursuant to an exclusion for operating vehicles without the owner's consent.

On appeal, this court found the issue of consent to be one of material fact and remanded the matter for trial. This court also found on an alternative theory that the exclusionary clause in the tortfeasor's own policy which denied liability coverage to him while driving his brother's vehicle was in conflict with the purposes of the Minnesota No–Fault Act. *Id.* at 849. He was found to be entitled to the liability coverage for which he paid a premium. *Id.*

We conclude that *Safeco* is distinguishable from this case and should be limited to its facts. First, in *Safeco* there was no attempt to transfer coverage to an uninsured vehicle. Second, the *Safeco* panel did not focus upon a "non-owned automobile" provision or address the policy considerations set forth by the Minnesota Supreme Court in *Toomey*. Finally, several

months after the *Safeco* decision was released, this court reiterated the *Toomey* rationale when a similar "non-owned automobile" provision was at issue in *Gunderson*, 397 N.W.2d at 925.

We find further support for upholding the exclusionary clause at issue here in a case decided prior to the adoption of the Minnesota No–Fault Act. In *Boedigheimer v. Taylor*, 287 Minn. 323, 178 N.W.2d 610 (1970), the Minnesota Supreme Court ruled that exclusion of liability coverage under a "non-owned automobile" provision was proper even though the tortfeasor was a "named insured." The *Boedigheimer* court followed the policy of preventing coverage of two or more automobiles when only a single automobile was insured. *Id.* at 328, 178 N.W.2d at 613. Although the precedential value of *Boedigheimer* arguably is minimized by the enactment of the No–Fault Act, we note that the supreme court in *Toomey* explicitly ruled that the Act did not alter the law applicable to liability insurance and that the first party premise underlying the Act is distinguished from third party coverage. *Toomey*, 306 N.W.2d at 550.[1]

We note finally that the basis of the trial court's ruling was that inasmuch as residual liability is compulsory under Minnesota's No–Fault Act, and because the "non-owned automobile" provision is contrary to the policy of favoring coverage,[2] the exclusion should be invalidated. This is the rationale applied by the majority in a split decision by the Michigan Supreme Court in *State Farm Mutual Automobile Ins. Co. v. Ruuska*, 412 Mich. 321, 314 N.W.2d 184 (1982). One commentator has compared the Michigan and Minnesota decisions as follows:

> It seems clear that if the [Michigan] rationale were applied in Minnesota, it

1. Our recognition of the validity of the "non-owned automobile" exclusionary clause is consistent with case law in a significant number of foreign jurisdictions. *See, e.g., Mattox v. Cotton States Mutual Ins.*, 156 Ga.App. 655, 275 S.E.2d 667 (1980); *Dairyland Ins. Co. v. Beekman*, 118 Ariz. 294, 576 P.2d 153 (1978); *Urtado v. Shupe*, 33 Colo.App. 162, 517 P.2d 1357 (1974); *Jones v.*

*Falcon*, 297 So.2d 746 (La.App.1974); *Limpert v. Smith*, 56 Wis.2d 632, 203 N.W.2d 29 (1973).

2. We note, also, that innocent third parties who are denied compensation by the tortfeasor's insurer or any other insurer may still be entitled to coverage for economic losses if they satisfy the conditions of Minnesota's assigned claims plan. Minn.Stat. § 65B.64 (1986).

would lead to the invalidation of otherwise valid exclusionary clauses. While that result may be appropriate in the case of the absolute liability provision specifically embodied in the residual liability provisions of the no-fault act, application of the rule and rationale * * * could result in the invalidation of all residual liability insurance exclusionary clauses, based essentially on the rationale that because residual liability insurance is compulsory it cannot be invalidated by contract. *The Minnesota Supreme Court in Toomey took an approach directly contrary to that taken in the [Michigan decision], however, in holding that the no-fault act makes no change in the law applicable to liability insurance.*

Steenson, Minnesota No-Fault Automobile Insurance, pp. 118–19 (1982) (emphasis added).

Residual liability insurance is required under the Minnesota No-Fault Act for liability "with respect to each vehicle for which coverage is thereby granted." Minn. Stat. § 65B.49, subd. 3(1). The No-Fault Act does not mandate "portable" residual liability coverage when an owner drives another non-owned vehicle. Randy Nelson and his father owned multiple vehicles. The pickup truck was not licensed for use on public roads and was not specifically covered under any insurance policy. However, the record indicates the Nelsons regularly used the pickup truck as a yard truck in their salvage business. If coverage was extended from Randy Nelson's liability policy to this uninsured pickup, MSI would be forced to bear an increased and unanticipated insurance risk. By paying liability premiums on a single automobile Randy Nelson would enjoy "portable" coverage on a separate vehicle that he regularly uses. We conclude that a policy provision which prohibits such "portability" violates neither the holding in *Toomey* nor the public policy underlying the No-Fault Act.

## DECISION

The operation of a "non-owned automobile" provision to exclude liability coverage is not in conflict with Minnesota's No–Fault Act.

Reversed and remanded.