**FALLON McELLIGOTT, INC., Respondent,**

v.

**SEABOARD SURETY COMPANY, Appellant,**

**The Christensen Agency, Inc., Respondent.**

No. C5–99–1562.

Court of Appeals of Minnesota.

April 4, 2000.

J. Marquis Eastwood, Paul J. Robben-nolt, Dorsey & Whitney, L.L.P., Minne-apolis, MN (for respondent Fallon McElli-gott).

Jeffrey J. Bouslog, Timothy C. Krsul, Oppenheimer, Wolff & Donnelly, L.L.P., Minneapolis, MN (for appellant).

Clarance E. Hagglund, Britton D. Weimer, Hagglund, Weimer & Speidel, Minneapolis, MN (for respondent The Christensen Agency).

Considered and decided by LANSING, Presiding Judge, DAVIES, Judge, and HARTEN, Judge.

## OPINION

DAVIES, Judge.

Respondent Fallon McElligott, Inc. (Fallon), an advertising agency, prepared for a client advertisements that copyright holders believed violated their copyrights. The client, upon demand by the copyright holders, withdrew the advertisements and brought a claim against Fallon for breach of contract and professional negligence (but not for copyright infringement). Fallon settled the client's claim and sought to recover settlement and defense costs from appellant Seaboard Surety Company (Seaboard), its enumerated-perils insurer, and from its insurance agent, respondent The Christensen Agency (Christensen). All three parties moved for summary judgment. The district court granted Fallon's motion and denied the motions of Seaboard and Christensen. Because we hold that the policy did not cover the claim, we reverse the summary judgment granted to Fallon and the denial of summary judgment to Seaboard. We remand for the district court to determine the issue of possible insurance-agent liability.

## FACTS

In 1990, respondent Fallon purchased from appellant Seaboard an enumerated-perils insurance policy, which, among other risks, covered "liability imposed upon" Fallon for "money damages resulting from * * * infringement of copyright." The purchase was made with the assistance of an insurance broker, a predecessor of respondent Christensen.

During the policy period, Fallon was retained to prepare an advertising program for Aveda Corporation. Fallon designed two series of advertisements, one series used the image of a doll resembling Mattel's "Barbie" and another used the image of Disney's "Pinocchio" character. Shortly after Aveda used the advertisements, first Mattel, then Disney, claimed that the advertisements violated their copyrights and demanded that Aveda discontinue using them. Neither Mattel nor Disney made a claim for money damages. Aveda withdrew the advertisements.

Aveda filed a demand for arbitration against Fallon. Aveda sought money lost because the advertising had become unusable when Mattel and Disney demanded that it be withdrawn. Fallon tendered the

defense to Seaboard, which denied coverage on the ground that Aveda's claim alleging "breach of contract" and "professional negligence" was outside the scope of the enumerated-perils coverage. Fallon then settled the Aveda claim and brought this action against Seaboard. Seaboard stipulated to joining Christensen, who Fallon alleged had been negligent in placing coverage for Fallon, if the Seaboard policy was construed as not covering the Aveda claim.

On cross-motions for summary judgment, the district court determined that Seaboard was obliged to defend and indemnify Fallon and awarded Fallon $762,027.03, which covered its defense and settlement costs on the Aveda claim. The district court dismissed Fallon's claims against Christensen for failure to state a claim on which relief could be granted. Seaboard appeals.

### ISSUE

Does an insurer have a duty to defend and indemnify an advertising agency for its failure to perform its contractual obligations when advertisements become unusable because they violate copyright laws and when the insuring agreement promises defense and indemnity for "liability imposed upon" the advertising agency for "money damages resulting from * * * infringement of copyright"?

### ANALYSIS

As a threshold matter, we decide this case under Minnesota law. Fallon initially suggested that New Jersey law may apply because Seaboard was located in New Jersey and decided to deny coverage there. All parties now agree, however, that there is no material conflict between the relevant laws of Minnesota and New Jersey, and that it is proper to apply Minnesota law.

██ Under Minnesota law, interpretation of an insurance policy is a question of law for the court. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). Contract exclusions must be construed narrowly against an insurance

company. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

██ The duty to defend and indemnify is contractual. *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 415 (Minn.1997). To determine whether Seaboard had a duty to defend Fallon against the Aveda claim, we compare the relevant language in the insurance policy with the allegations of the claim in Aveda's underlying action against Fallon. *See Ross v. Briggs & Morgan*, 540 N.W.2d 843, 847 (Minn.1995). Seaboard had a duty to defend if any of the claim "arguably" falls within the scope of coverage. *Id.*

Under the insuring clause, Seaboard agreed as follows:

> 1. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law * * * as the result of any final judgment for money damages resulting from
>
> * * * *
>
> (b) any infringement of copyright or of title or of slogan * * *
>
> * * * *

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Insured's business of Advertising Agents.

> 2. To defend, in the name and on behalf of the Insured, any suit seeking damages for any of the above causes, even if such suit is groundless, false or fraudulent.
>
> * * * *

(Emphasis added.) The Seaboard policy also specifically excludes claims for damages that arise from "any liability for * * * failure of performance of contract * * *."

Aveda's claim in the demand for arbitration was identified as "[b]reach of contract and action for professional negligence arising out of provision of advertising and related services." The advertising agree-

ment required Fallon to provide Aveda with "appropriate advertising" and to perform all "necessary and related services properly to carry out [Aveda's] advertising program." Aveda recovered money damages from Fallon for breach of contract. The demand for arbitration did not mention damages for copyright infringement and there were no damages sought by, or paid to, any third-party copyright holder for copyright violation. Aveda simply withdrew the advertisements when confronted by the Disney and Mattel demands, just as it would have withdrawn them had Fallon failed in its contract obligation by producing advertisements that proved ineffective or offensive to the public.

After comparing the underlying claim to the policy language, we hold that appellant Seaboard had no duty to defend or indemnify respondent Fallon on this claim. Because Aveda's underlying claim is grounded on Fallon's failure to fulfill a contract obligation, it falls both outside the Seaboard policy insuring clause and within the exclusion for "failure of performance of contract."

We find this coverage question analogous to the issue in *Ross v. Briggs & Morgan*, 540 N.W.2d 843 (Minn.1995). *Ross* involved a physician who left his practice group. *Id.* at 845–46. After his departure, he violated certain provisions of both his employment agreement and his termination agreement by distributing misleading advertisements for his new practice. *Id.* His former practice group sued Ross, claiming, among other things, breach of contract, misappropriation of trade secrets, and deceptive trade practices. *Id.* Ross maintained that the claims against him triggered the insurer's duty to defend for advertising injury under his comprehensive general liability policy. *Id.* The policy words at issue covered claims for the "unauthorized taking of advertising ideas or style of doing business." *Id.* at

848. Although the policy required the insurer to defend any claims for advertising injury against Ross, it explicitly excluded coverage for advertising injury that resulted from breach of contract. *Id.* at 846. The court rejected Ross's claim, holding that the underlying practice-group claims were essentially for breach of the employment and termination contracts and were thus excluded from coverage:

> [If the] complaint can be read to allege an injury from conduct that could constitute an advertising offense, it is an injury that resulted from [the insured's] violation of the termination agreement and is, therefore, excluded from coverage by the unambiguous language of the insuring agreement.

*Id.* Similarly, in this case, Aveda's underlying claim against Fallon sounds in contract—alleging failure to fulfill contractual obligations to provide appropriate and usable advertising.[1]

Our decision comports with common sense. Insurer protection of contractual performance is provided by performance bonds, by errors-and-omissions policies, by insurer guarantees of indemnification agreements or debt repayment, and some other types of policies. But Fallon's enumerated-risks *liability* policy—entitled, "LIBEL, SLANDER, COPYRIGHT, PIRACY, PLAGIARISM, AND PRIVACY LIABILITY POLICY"—was not such a policy. *See Franklin v. Western Nat'l Mut. Ins. Co.*, 574 N.W.2d 405, 407 (Minn. 1998) (under broad-form comprehensive general liability policy, insurer had no duty to defend insured against claim of trespass, when dispute was essentially contract dispute over terms of a lease agreement, and trespass claim stemmed directly from lease dispute).

Fallon claims that the insuring clause (which covers "liability imposed upon" the advertising agency for "money damages resulting from * * * infringement of copy-

---

1. We view Aveda's professional-negligence claim as an effort to couple a tort claim with what is essentially a contract claim, with the hope of, perhaps, gaining some theoretical advantage. But that does not change the reality that the claim against Fallon arose from breach of contract.

right") covers the Aveda claim, arguing that the losses Aveda sought to recover through its claim of contract breach and professional negligence should be viewed as "resulting from" the copyright violation. Respondent tries to accomplish too much with the two words "resulting from." The policy might well have used: "arising from," "following upon," "because of," or a myriad of other phrases to describe a relationship of causation. But no matter what phrase was used, the intent would not have been to cover losses based on a "but-for-the-insured's-conduct" standard.

Insurance-industry scriveners would bear an unrealistic burden if an occasional phrase could convert a liability policy into a totally different type of policy. The policy in this case is—notwithstanding the "resulting from" phrase—still an enumerated-perils policy providing protection against liability claims, rather than coverage for a failure to perform a contract.

Even were we to accept such a strained interpretation of the phrases "money damages resulting from * * * infringement of copyright," we could not hold that the Seaboard policy covers the underlying claims. Mattel and Disney made demands for what was in the nature of injunctive relief, not for damages. But under this policy, Seaboard had no obligation to respond to a claim for an injunction *unless the claim was coupled with a claim for money damages*. The original Disney and Mattel demands did not include claims for damages and, thus, cannot be the spring from which any Seaboard obligation flows.

No third party pursued Fallon or Aveda for copyright damages; and Aveda sought damages from Fallon only for professional errors that produced unusable advertising and its subsequent failure to "make good" on its contract obligations. That is not a risk covered by the Seaboard policy.[2]

## DECISION

As a matter of law, appellant Seaboard had no duty to defend or indemnify respondent Fallon for a claim brought by its client, Aveda, for breach of contract and professional negligence.[3] We reverse the summary judgment granted to Fallon and the district court's denial of summary judgment to Seaboard and remand for a determination of The Christensen Agency's liability to Fallon, if any.

**Reversed and remanded.**

---

2. We note also that, at the time the Mattel–Disney problem arose, the Seaboard policy did not provide coverage for Fallon's professional errors and omissions. The Seaboard policy, as is typical with enumerated-peril liability policies, provides coverage against third-party claims; it should not be construed to be an errors-and-omissions policy. See *Tower Ins. Co. v. Minnesota Holstein–Freisan Breeders' Ass'n,* 605 N.W.2d 768, 772–73 n. 3

(Minn.App.2000) (holding liability policy not to be read to include errors-and-omissions coverage).

3. Our conclusion that there is no coverage under Seaboard's policy renders Seaboard's other issues moot, and we do not address them.