**AUTO–OWNERS INSURANCE COMPANY, Respondent,**

v.

**EVERGREEN, INC., et al., Appellants.**

No. CX–99–1489.

Court of Appeals of Minnesota.

April 11, 2000.

Timothy P. Tobin, Elliot L. Olsen, Minnetonka (for respondent).

Thomas E. Peterson, Todd L. Nissen, Peterson & Hektner, Ltd., Minneapolis (for appellants).

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY,* Judge

In this declaratory judgment action, insurer sought summary judgment arguing that it had no duty to defend or indemnify its insured as a matter of law in a negligence and wrongful death action brought against the insured. The insured challenges the district court's grant of summary judgment in favor of the insurer, arguing the district court erred in concluding that the coverage provision in question was an exception to an exclusion, rather

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

than a grant of coverage, and that the insurance policy as a whole was not ambiguous.

## FACTS

On November 29, 1997, Leah Cook purchased a Christmas tree from appellant Evergreen, Inc. An Evergreen employee attached the tree to the roof of Cook's vehicle. As Cook was driving home, the tree fell off her vehicle onto the highway. One person was killed and another injured when their vehicle rolled over after swerving to avoid hitting the tree.

The damages from the accident exceeded the limits of coverage on Cook's vehicle. The injured driver and heirs of the deceased passenger sued Evergreen. Evergreen has a general liability insurance policy with Florists Mutual Insurance Company and an automobile insurance policy with respondent Auto–Owners Insurance Company.

Auto–Owners commenced a declaratory judgment action requesting a determination on which, if either, of the two insurance companies owed Evergreen a duty to defend and indemnify in the underlying tort action. The district court granted summary judgment for Auto–Owners, holding it had no duty to defend or indemnify Evergreen in the underlying action.

## ISSUE

Does the language contained in an exclusionary provision of the insurance policy issued by Auto–Owners actually operate as a grant of coverage obligating Auto–Owners to indemnify and defend its insured, Evergreen?

## ANALYSIS

■ In reviewing a grant of summary judgment, this court must determine whether genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The interpretation and construction of insur-ance policy provisions are matters of law which this court reviews de novo. *Haarstad v. Graff,* 517 N.W.2d 582, 584 (Minn. 1994). This court will view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). Because the parties dispute only the district court's interpretation of an insurance contract, this court may review the district court's decision de novo.

Auto–Owners issued to Evergreen an automobile insurance policy providing coverage for two specifically named vehicles owned by Evergreen. At issue is the district court's construction of an exception to an exclusion contained in the Auto–Owners insurance policy.

The policy grants Evergreen the following coverage: "[Auto–Owners will] pay damages for bodily injury * * * for which you become legally responsible and which involve *your automobile."* (Emphasis added.) The Auto–Owners policy also sets forth the following exclusion:

> Liability Coverage does not apply:
> * * *
> 13. To any person with respect to the loading or unloading of *your automobile.* We will cover you or your employee or a lessee or borrower of *your automobile* or that person's employee.

(Emphasis added.)

■ Evergreen argues that this exclusionary provision in the Auto–Owners policy should be construed as granting coverage to a vehicle belonging to one of its customers. Specifically, Evergreen contends that the exception contained in this exclusionary provision grants coverage to all loading and unloading claims involving Evergreen or its employees, regardless of whether the vehicle involved is an Evergreen vehicle. To support its contention that the exception to the exclusionary provision should be read in conformity with its proffered interpretation, Evergreen contends that the exception contained in this

exclusionary provision operates as a grant of coverage because the language contained in the provision is ambiguous. Specifically, Evergreen alleges that it is ambiguous because it is susceptible to the interpretations offered by both parties. We disagree.

■■ Here, Evergreen does not contend that the policy as a whole is ambiguous, but merely that this one provision is ambiguous. But an exception to an exclusion will only constitute a grant of coverage if the policy as a whole is ambiguous. *Moorhead Mach. & Boiler Co. v. Employers Commercial Union Ins. Co.*, 285 N.W.2d 465, 468 (Minn.1979). Rather than constituting a grant of coverage, exceptions to exclusions merely operate to narrow the scope of the exclusions.

■ "In order to effectuate the parties' intent, '[t]he policy must be read as a whole, and unambiguous language must be accorded its plain and ordinary meaning.'" *Landico, Inc. v. American Family Mut. Ins. Co.*, 559 N.W.2d 438, 440 (Minn.App. 1997), *review denied* (Minn. Apr. 27, 1997) (quoting *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 311 (Minn.1995)). Here, the exclusion makes reference to *"your automobile."* (Emphasis added.) According the provision its plain and ordinary meaning, the exclusion negates coverage for liability arising from loading and unloading *Evergreen's automobile.* The exclusion simply states that it does not apply to certain groups of people.

■ Furthermore, "[w]here possible, courts should interpret insurance policies so as to give effect to all of their provisions." *Landico,* 559 N.W.2d at 441. To construe the contract as Evergreen suggests would be to effectively eliminate the exclusion altogether, because it would allow the exception to the exclusion to swallow the exclusion entirely, allowing coverage for any class of persons loading or unloading any vehicle, whether owned by Evergreen or not. Accordingly, we conclude that the exception contained in the exclusionary provision is more limited in scope than the construction proffered by Evergreen.

Because we determine that there is no ambiguity in the policy provision at hand, we conclude that by its plain and ordinary meaning the exception provision sets forth that (1) third parties, strangers to the insurance contract, will not be covered for loading or unloading claims involving *an Evergreen vehicle,* but (2) the insured, a permissive user, or Evergreen employee, will be covered if negligently loading or unloading *an Evergreen vehicle.* To reiterate, the vehicle involved in the accident at issue was owned by a customer of Evergreen, and not by Evergreen, and coverage is excluded.

## DECISION

The district court correctly determined that Auto–Owners was entitled to summary judgment because, by the unambiguous terms of its insurance policy, it was not obligated to indemnify or defend Evergreen in a negligence and wrongful death claim filed against it.

**Affirmed.**

