PROGRESSIVE SPECIALTY
INSURANCE COMPANY,
Appellant,

v.

Kelly June WIDNESS, By and Through
her parent and natural guardian,
Sheila WIDNESS, Respondent,

Adonna Ermal Enyart, by and through
her parents and natural guardians,
Gordon and Dixie Enyart, Respondent,

Melissa Beth Baardsen,
et al., Defendants.

No. C7–00–33.

Court of Appeals of Minnesota.

July 11, 2000.

Scott A. Brehm, Scott A. Brehm & Associates, Minneapolis (for appellant).

H. Patrick Weir, Jr., Leland F. Hagen, Lee Hagen Law Office, Ltd., Fargo (for respondent Kelly June Widness).

John A. Hatling, Hatling Law Office, Fergus Falls (for respondent Adonna Ermal Enyart).

Considered and decided by KALITOWSKI, Presiding Judge, KLAPHAKE, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge*

Appellant Progressive Specialty Insurance Company appeals from the district court decision determining it must provide liability coverage to a resident relative of the named insured, where the resident relative was driving a non-owned vehicle with permission. We affirm.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## FACTS

On August 8, 1994, 16–year–old respondent Adonna Enyart was driving a car owned by Melissa Baardsen. Enyart was carrying several passengers, including Kelly Widness, when she was involved in a one-car accident. Respondent Widness sued the driver (Enyart) and the owner (Baardsen) for her injuries, but Baardsen's car was uninsured.

Enyart resided with her mother at the time of the accident. Progressive had issued an automobile policy to the mother as named insured. Progressive refused to defend and indemnify Enyart in the accident, claiming that under the terms of its policy, resident relatives of the named insured were not afforded liability coverage while driving a non-owned vehicle. Progressive sought a declaratory judgment determining that it had no duty to defend and indemnify Enyart. The district court ruled that the Progressive provisions violated the no-fault act, and Progressive must provide liability coverage to Enyart. Progressive appeals.

## ISSUE

Must an insurer provide residual liability coverage to resident relatives, as defined under Minn.Stat. § 65B.43, subd. 5 (1994), driving a non-owned vehicle with the owner's permission?

## ANALYSIS

In reviewing a summary judgment, the appellate court will address whether there are genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The facts in this case are undisputed, and the issue of whether coverage exists is a question of law. *See Fallon McElligott, Inc. v. Seaboard Sur. Co.,* 607 N.W.2d 801, 803

Minn. Const. art. VI, § 10.

(Minn.App.2000) (stating that interpretation of insurance policy is question of law).

■■■■ Appellate courts apply the general principles of contract interpretation to insurance policies. *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn.1998). If the contract is clear and unambiguous, the language is given its usual meaning. *Id.* The policy must be construed as a whole. *Auto–Owners Ins. Co. v. Evergreen, Inc.*, 608 N.W.2d 900, 903 (Minn.App.2000).

The coverage provided by the insurance policy must comply with the provisions of the Minnesota No–Fault Automobile Insurance Act, regardless of whether the contract provides otherwise. Minn.Stat. § 65B.49, subd. 8 (1994). In recognition of this requirement, the policy here provides that if any of its terms conflict with the statute, they will be amended to conform. Thus, the contract between the parties will govern an insurer's liability "only as long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes." *Streich v. American Family Mut. Ins. Co.*, 358 N.W.2d 396, 399 (Minn.1984) (citation omitted).

In this case of first impression, we are asked to decide whether an insurance policy that attempts to eliminate liability coverage to a resident relative driving a non-owned vehicle falls below the coverage mandated by the no-fault act. The no-fault act requires that an owner maintain residual liability coverage. Minn.Stat. § 65B.48, subd. 1 (1994). Such liability coverage must comport with the following:

> [T]he reparation obligor shall be liable to pay, *on behalf of the insured,* sums *which the insured* is legally obligated to pay as damages because of bodily injury * * * arising out of the ownership, maintenance or use of *a motor vehicle* * * *.

Minn.Stat. § 65B.49, subd. 3(2) (1994) (emphasis added). Under Minnesota law, "insured" includes not only the named insured, but

the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

> * * * *
>
> (3) *a minor in the custody of a named insured or of a relative residing in the same household with a named insured.*

Minn.Stat. § 65B.43, subd. 5 (1994) (emphasis added). Enyart, who was a minor in the custody of her mother, the named insured, resided with her mother and was not the named insured on any other policy. Thus, she fell within the statutory definition of "insured."

Under the plain language of the statute, Progressive must extend coverage to an insured "legally obligated to pay * * * damages because of * * * use of *a motor vehicle.*" Minn.Stat. § 65B.49, subd. 3(2) (emphasis added). Since the Progressive provisions attempt to restrict liability coverage to its insured (Enyart) while operating a non-owned vehicle, its provisions violate the minimum coverage required under the no-fault act and are, therefore, void.

Progressive contends that its provisions do not fall short of the coverage required under section 65B.49, subdivision 3(2). First, it argues that the loss was not one it was expecting; while it had the opportunity to accept or decline the risk of insuring the mother, it was not given the same opportunity for her daughter, who was not even listed as an "additional driver" on the policy. It contends it was unable to charge a premium for Enyart, particularly for her use of a non-owned vehicle not insured by Progressive. Progressive's own policy, however, explicitly provides coverage for minors in the custody of the named insured while driving the named insured's car. Consequently, Progressive was able to take this into account in setting its premiums.

Progressive further claims that the no-fault act requires residual liability only as to each insured vehicle and that it does not mandate portable residual liability coverage when the insured drives another non-owned vehicle. *Mutual Serv. Cas. Ins. Co. v. VanDoren*, 424 N.W.2d 791, 795 (Minn. App.1988), *review denied* (Minn. July 28, 1988). Progressive contends that third-party benefits "liability coverage follows the vehicle and not the person." *Lobeck*, 582 N.W.2d at 250 (citing *Hilden v. Iowa Nat'l. Mut. Ins. Co.*, 365 N.W.2d 765, 769 (Minn.1985)). It asserts that coverage of non-owned vehicles "is inserted in automobile liability insurance as a convenience to the insured" and may be restricted "to prevent the insured from driving any number of additional automobiles and claiming coverage for all of them." *Boedigheimer v. Taylor*, 287 Minn. 323, 329, 178 N.W.2d 610, 614 (1970).

The cited cases are distinguishable. In *VanDoren*, the named insured sought and was denied residual coverage for an accident in a "non-owned car" that was owned by a relative and that he used regularly. 424 N.W.2d at 792. The court denied coverage based on the policy of "preventing coverage of two or more automobiles when only a single automobile was insured." *Id.* at 794 (citing *Boedigheimer*, 287 Minn. at 328, 178 N.W.2d at 613). But that is not the situation here. Enyart is not seeking coverage for another vehicle that she drove regularly and that was owned but not insured by her mother. In *Lobeck*, the court upheld an exclusion in a policy that involved third-party benefits for the operation of non-owned vehicles used without the permission of the owner. 582 N.W.2d at 249–51. Here, Enyart drove the non-owned vehicle with permission.

Minn.Stat. § 65B.49, subd. 3(2), requires residual coverage for the insured for the use of "a" motor vehicle and does not limit coverage to the use of the named insured's vehicle. Under the plain language of the statute, and consistent with the purposes of the no-fault act, we agree with the district court that Progressive's policy must provide coverage here.

## DECISION

The decision of the district court determining that Enyart was insured under her mothers policy while driving a non-owned vehicle with permission is affirmed.

**Affirmed.**