354 So.2d 429 (1978)
Margaret QUINN, Appellant,
v.
Kimberly Ann GORMAN, A. Morey, Ann Morey, and Travelers Indemnity Company, a Foreign Corporation Doing Business in Florida, Appellees.
No. 76-2634.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
Robert J. McFann and Dale R. Sanders of Di Giulian, Spellacy, Bernstein, Lyons & Sanders, Fort Lauderdale, for appellant.
George E. Bunnell and Thomas E. Scott, Jr. of Huebner, Shaw & Bunnell, P.A., Fort Lauderdale, for appellee Travelers.
ANSTEAD, Judge.
This is an appeal from a final summary judgment holding that a policy of insurance provided by the appellee, Travelers Indemnity Company, to its insured, Ann Morey, did not provide coverage for the insured's liability under Section 322.09, Florida Statutes (1975), whereby the insured may be liable for her daughter's negligence because of co-signing the minor daughter's application for a driver's license. We affirm.
The appellant, Margaret Quinn, was injured in an accident involving an automobile owned and operated by the appellee, *430 Kimberly Ann Gorman. At the time of the accident Kimberly was not a resident of the household of her mother, Ann Morey. Travelers insured Mrs. Morey under a liability policy which by its terms covered Mrs. Morey and residents of her household for accidents involving anyone's authorized use of Mrs. Morey's automobile and Mrs. Morey's use of any automobile. There was no coverage provided in the policy for Mrs. Morey's liability under Florida Statute 322.09.
The appellant contends that public policy mandates that Section 322.09 be made a part of Travelers' policy as a matter of law for otherwise there will be no insurance coverage in this case. The chief source for the expression of public policy is the legislature. However, we can find no legislative enactments which require that the insurance contract include this coverage. Absent such a legislative requirement the parties are free to contract as they please. The final summary judgment is hereby affirmed.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.