466 So.2d 338 (1985)
Charlotte BOUDREAU, Appellant,
v.
GENERAL ACCIDENT FIRE AND LIFE INSURANCE CORPORATION, Ltd., Appellee.
No. 84-328.
District Court of Appeal of Florida, Fifth District.
February 28, 1985.
Rehearing Denied April 1, 1985.
*339 Robert K. Rouse, Jr., of Smith, Schoder, Rouse & Will, P.A., Daytona Beach, for appellant.
F. Bradley Hassell of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from a declaratory judgment in an insurance coverage case.
Appellant signed the application for her son's driver license and agreed to be jointly liable with her son for any damages he caused negligently or willfully in driving. Before a person under eighteen can obtain a driver's license, an adult must sign for him. § 322.09, Fla. Stat. (1981).[1] The son had an accident in the car he owned and the damages were imputed to appellant. Appellant sought coverage under her husband's automobile liability policy because, she says, as his wife she is a "covered person" under the policy. "Covered person" as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.
The son was not a family member within the meaning of the policy and the policy does not specifically cover liability under these circumstances. Appellant says the operative policy paragraph is number 4 because the signing of the license for her son was an "act" within the meaning of the policy terms. We cannot agree and affirm the judgment appealed.
The signing of the undertaking to be jointly liable for another's negligence is not an act or omission under the policy any more than it is a participation in the negligent conduct causing the damages. No one accuses appellant of having contributed to the accident by some negligent or *340 willful act, she is brought in only upon a statutory contractual basis. Although the negligent act of her son is imputed to her for purposes of recompense for the victim the "act" she performed (under appellant's theory) had no causal relationship at all to either the negligent conduct or the injury. Appellant is not being sued on account of an act of negligence, she is being sued for her promise to pay. The insurance policy neither expressly nor impliedly covers her, or her husband, the policy holder, for that matter, for her imputed negligence.
We have found no cases directly on point but agree with the Fourth District Court of Appeal that it is not against public policy to fail to provide coverage to appellant in the insurance policy for her husband. Quinn v. Gorman, 354 So.2d 429 (Fla. 4th DCA 1978). Should the legislature choose to mandate the inclusion of this coverage in automobile liability policies then the coverage will be afforded. It is not for the courts to require insurance coverage; only to enforce the legislature's requirements.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.
SHARP, J., concurs and concurs specially with opinion.
SHARP, Judge, concurring and concurring specially.
The result in this case should be noted not only by the Legislature, but by all of the insureds in Florida who have minor children venturing forth on the highways with "learner permits." They cannot get such a permit to drive unless an adult (parent, guardian, other) signs their applications, the legal significance of which is to impose vicarious liability on the adult for damages caused by the child's driving. But how many adults are also aware that the standard language of their automobile liability insurance policies excludes insurance coverage for such potential liability, if the minor is not technically a "family member"  as in this case. Consumers and sellers of insurance policy products should take note and require that this gap in coverage be closed.
NOTES
[1] § 322.09, Fla. Stat. (1981) provides:

Application of minors. 
(1)(a) The application of any person under the age of 18 years for an instruction permit or driver's license shall be signed and verified before a person authorized to administer oaths by the father, mother, or guardian or, in the event there is no parent or guardian, by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. This section shall not apply to a person under the age of 18 years who is emancipated by marriage.
(b) There shall be submitted with each application a certified copy of the birth certificate of the applicant. If the applicant is unable to furnish such certified copy, a certificate from the public school authorities as to the age of the applicant upon entering school as required by s. 232.03, or the school authorities of the state where applicant enrolled in school, shall be submitted. Upon inability of applicant to establish a birth date as above provided, then the same may be established in the order of preference as provided by s. 232.03. However, uncertified copies of such documents shall not be accepted.
(2) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.