Timothy SCOTT and Lynda Scott, Plaintiffs-
Appellants,

v.

AMERICAN STANDARD INSURANCE
COMPANY OF WISCONSIN and Roger J.
Doyle, Defendants and Third-Party Plaintiffs,

Robert J. WATERS, Defendant and Third-Party
Defendant,

Benita MUELLER, Defendant,

JOHN DEERE INSURANCE COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 86–0278. Submitted on briefs May 7, 1986.—Decided
June 12, 1986.*

(Also reported in 392 N.W.2d 461.)

† Petition to review denied. HEFFERNAN, C.J., took no part.

For the plaintiffs-appellants the cause was submitted on the briefs of *Stephen R. Buggs* and *Karrmann, Buggs & Baxter* of Platteville.

For the defendant-respondent the cause was submitted on the brief of *George S. Curry* and *Kopp, McKichan, Geyer, McKichan, Curry, Geyer & Clare* of Platteville.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Timothy and Linda Scott appeal from a summary judgment dismissing their complaint

against John Deere Insurance Company. The issue is whether John Deere's automobile liability policy provides coverage for the collision in which Timothy Scott was injured. Because the terms of the policy dictate coverage, we reverse.

We use the same procedure as the trial court in summary judgment cases, a well-documented procedure which need not be repeated here.[1] The pleadings raise and join the issues, and the parties' affidavits indicate the existence of both a prima facie case for coverage and a defense.

The facts are undisputed. On November 5, 1982, a car owned and driven by Robert Waters collided with another vehicle. Timothy Scott, a passenger in Waters' car, was injured. At the time of the accident, Waters was a minor. Although his father had legal custody, Waters' mother, Benita Mueller, had signed as his sponsor in order to allow him to obtain a driver's license under sec. 343.15, Stats. (1981). Benita's present husband, Marlin Mueller, has an automobile liability policy issued by John Deere, and the Scotts contend that this policy covers Timothy's injuries.

The construction of an insurance policy is a matter of law which we review independently. We pay no deference to the trial court's ruling. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 39, 295 N.W.2d 201, 203 (Ct. App. 1980), *affirmed,* 101 Wis. 2d 170, 303 N.W.2d 669 (1981). The applicable language in Marlin's policy states: "We will pay damages for bodily injury or property damage for which any covered person becomes le-

---

[1] *See In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983).

gally responsible because of an auto accident." The policy then defines "covered person" as:

1. You or any *family member* for the ownership, maintenance or use of any auto or *trailer.*

. . . .

4. For any auto or *trailer,* other than *your covered auto,* any person or organization but only with respect to legal responsibility for acts or omissions of you or any *family member* for whom coverage is afforded under this Part. . . . (Emphasis in original.)

Benita Mueller, Waters' mother, is a "family member" under the policy because she is Marlin's wife and resides in his household.[2] She is, therefore, "a covered person" with respect to "the . . . use of any automobile." This coverage includes payment of any damages "for which [she] becomes legally responsible because of an auto accident." Under sec. 343.15(2), Stats. (1981), her son's negligence in the operation of a motor vehicle is imputed to her as his sponsor.[3] As a result, she is "legally responsible" for such of Timothy Scott's injuries as were caused by Waters' negligence. The policy does not condition coverage on the use of a particular car or the involvement of a particular driver. Its plain

[2] The policy defines "family member" as a person related by blood, marriage or adoption who is a resident in the insured's household.

[3] On the motion for summary judgment, John Deere argued that sec. 343.15(2), Stats. (1981), did not impose liability on Benita Mueller. The trial court's memorandum decision stated that the issue was not in dispute. While John Deere notes that the issue of liability under sec. 343.15(2) was before the trial court, it did not argue the issue on appeal. We assume, therefore, that Benita's liability under the statute is not disputed.

language covers damages for which Benita becomes legally responsible because of an accident involving the use of any automobile.[4]

The trial court erroneously concluded that the exclusionary provisions of the policy apply.[5] Under those

---

[4] John Deere argues that Waters is specifically excluded from coverage by subsections (1) and (4) under the policy's definition of "covered person." It argues that the policy provides coverage only for the covered person's own use or acts. Subsection (1), however, provides that Benita Mueller is a covered person for the "use of any auto" irrespective of who may be operating it. And, while subsection (4) does provide coverage for "any person or organization" with respect to legal responsibility for acts of a "covered person," there is no indication that it is to serve as a limitation or restriction of the language in sub. (1). Rather, it is an expansive provision; it adds to the coverage.

[5] The relevant exclusionary provisions follow:

B.   We do not provide Liability Coverage for the ownership, maintenance or use of:

. . . .

2.   Any vehicle, other than *your covered auto* which is:
a.   owned by you; or
b.   furnished or available for your regular use.
3.   Any vehicle, other than *your covered auto,* which is:
a.   owned by any *family member;* or
b.   furnished or available for the regular use of any *family member.* (Emphasis in original.)

The following exclusionary language appears in an amendatory endorsement:

10.   For the ownership, maintenance or use of any vehicle other than *your covered auto,* which is:
a.   owned by any *family member;* or
b.   furnished or available for the regular use of any *family member.*

provisions, any vehicles that are not listed on the insurance policy but are owned by or available for the regular use of the insured or any family member are not covered. The purpose of the exclusion is to prevent an individual from insuring several cars in one household by taking out just one policy. *Limpert v. Smith,* 56 Wis. 2d 632, 640 & n.3, 203 N.W.2d 29, 33 (1973).[6] Waters was not a "family member" within the policy definitions because he did not live with the Muellers. Thus the car he was driving, though unlisted, was neither owned by or available for the regular use of a family member within the meaning of the exclusion.

We suspect that John Deere's policy was not drafted with this fact situation in mind. However, the policy's language is clear beyond peradventure, and it extends coverage to Waters under the peculiar facts of this case. Where the policy describes coverage in clear and unambiguous terms, we do not engage in construction or interpretation. We merely apply the language of the policy to the facts at hand. *Herwig,* 98 Wis. 2d at 40, 295 N.W.2d at 203.

*By the Court.*—Judgment reversed.

However, this exclusion does not apply to your maintenance or use of any vehicle which is:

    a.   owned by a *family member;* or

    b.   furnished or available for the regular use of a *family member.* (Emphasis in original.)

[6] John Deer argues that *Limpert* dictates affirmance. In *Limpert,* however, the "other cars" exclusion was held to be applicable because the insured's son—the negligent driver of his own non-listed car—resided in the insured's home and thus was a "relative [family member]" within the meaning of the policy. In this case, the exclusion does not apply because Waters was not a member of Marlin Mueller's household and thus was not a "family member."