**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**The PENINSULA INSURANCE CO., Defendant.**

Superior Court of Delaware,
Kent County.

Submitted: Dec. 8, 1987.

Decided: Feb. 2, 1988.*

* Selected for publication Feb. 7, 1991.

Mary E. Sherlock, of Young & Sherlock, Dover, for plaintiff.

Alfred M. Isaacs, and Francis J. Jones, Jr., of Morris, James, Hitchens & Williams, Wilmington, for defendant.

OPINION

RIDGELY, Judge.

This declaratory judgment action arises out of an automobile accident that occurred on July 20, 1983, when James A. Baynum ("Baynum"), operating a car owned by his stepfather, William Swiggett, struck an automobile owned and operated by Gerharda G. Cox. Baynum was 16 years of age,

and he was issued his license only one week earlier when his parents, Audrey M. Swiggett and Everett Baynum, co-signed his application pursuant to 21 *Del.C.* § 2712. State Farm Mutual Automobile Insurance Company ("State Farm" and "plaintiff") was the insurer for the injured party, Gerharda Cox. The Peninsula Insurance Company ("Peninsula" and "defendant") was insurer for William Swiggett. State Farm seeks indemnification from Peninsula for the amount of uninsured motorist benefits which State Farm paid to its insured, Cox. Cross-motions for summary judgment have been filed by the parties.[1]

## I.

On July 13, 1983, Baynum turned 16 and applied for and obtained a Delaware driver's license. In order to obtain this license, Baynum's natural parents, Audrey M. Swiggett and Everett Baynum, signed his license application. One week later, Baynum was involved in an automobile accident with Gerharda Cox while he was driving a car owned by his stepfather, William Swiggett, without a reasonable belief that he could use the vehicle at the time of the accident.

Under "Part A—Liability Coverage" the policy issued by Peninsula states:

> We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

(Emphasis in original.) As an exclusion, the policy states:

> We do not provide Liability Coverage for any person:

9. Using a vehicle without a reasonable belief that that person is entitled to do so.

Because Baynum had no reasonable belief that he had permission to use Mr. Swiggett's vehicle, Peninsula asserts there is no coverage under the policy. State Farm argues that this exclusionary clause is overridden by the "Liability Coverage" clause because a covered person, Audrey M. Swiggett, was legally responsible for her son's negligent driving, pursuant to 21 *Del.C.* § 6105(a). That section provides:

> (a) Any negligence of a minor under age 18 driving a motor vehicle upon a highway of this State, who has been licensed under § 2712 of this title, shall be imputed to any person who signed the license application on behalf of the minor, and that person shall be jointly and severally liable with the minor for any damages resulting from the minor's negligence.

Thus, the question before the Court is whether the exclusionary clause bars coverage of liability when that liability is imputed by statute to a covered party and results from an auto accident.

## II.

Although there are no Delaware cases on point, other jurisdictions have examined the issue of imputed liability in this context. In *Wolford v. Wolford*, Ky.Supr., 662 S.W.2d 835 (1984), the insured had his son's negligence imputed to him under a law similar to section 6105(a). The son had wrecked his father's auto while driving without permission. The coverage clause obligated the insurer to pay certain sums which the insured "legally must pay." The court stated that "[t]he son was covered only if he was operating a covered auto with permission, but he was not operating with permission. This did not prevent the policy from providing coverage for the fa-

1. By Order dated September 11, 1987, the Court denied cross motions for summary judgment in this case because the question of whether James A. Baynum had a reasonable belief that he had permission to use a vehicle belonging to William Swiggett was a factual issue to be resolved at trial. In view of that ruling, the Court was not required to address the issue of policy coverage of Peninsula for Baynum's mother, Mrs. Audrey M. Swiggett. The parties have now stipulated that Baynum did not have a reasonable belief that he could use Swiggett's vehicle on July 20, 1983; therefore, the motions are ripe for decision on the undisputed facts.

ther." *Wolford, supra,* at 838. In ruling that the father's legal responsibility was insured, the court refused to read into the coverage clause words of limitation to the effect that the legal responsibility had to result from an authorized use, stating, "[t]here is no legal reason why we should add such limiting language where none exists." *Wolford, supra,* at 837.

In *United Services Automobile Association v. Crandall,* 95 Nev. 334, 95 Nev. 334, 594 P.2d 704 (1979), the coverage clause obligated the insurer to pay "all sums which the insured shall become legally obligated to pay as damages...." The court, in concluding that the parent's imputed liability was insured, held that the exclusionary clause for non-permissible use applied "only to 'any relative' and [did] not in any manner limit the coverage afforded the named insured." In *Mancheski v. Derwae,* 11 Wis.2d 467, 105 N.W.2d 773 (1960), the minor son was involved in an accident in which he was driving a third party's car without permission. The coverage clause obligated the insurer to pay "all sums which the [father] shall become legally obligated to pay...." The policy did not cover anyone operating the insured's auto without permission. The court concluded that the father's imputed liability was insured, since the exclusion pertained to additional insureds and not to coverage of the father. *See also Klatt v. Zera,* 11 Wis.2d 415, 105 N.W.2d 776 (1960); *Marple v. American Auto Insurance Co.,* 82 Cal.App. 137, 255 P. 260 (1927); *Lackey v. Olds & Stoller Interexchange,* 80 Cal.App. 687, 252 P. 672 (1927).

The case relied upon by Peninsula, *Boudreau v. General Accident Fire & Life Insurance Corp., Ltd.,* Fla.App., 466 So.2d 338, *cert. denied,* Fla.Supr., 476 So.2d 672 (1985), although somewhat similar factually, is not persuasive. In *Boudreau,* the insured's wife had her son's negligence imputed to her for signing her son's license application under a law almost identical to section 6105(a). However, the policy covered "legal responsibility for acts or omissions of [a person] for whom coverage is afforded...." The court held that the signing of the license application was not an "act or omission" pertaining to the accident. Thus, in *Boudreau,* the coverage clause had words of limitation which precluded coverage of the parent.

Here, the coverage clause insures any "covered person" who "becomes legally responsible because of an auto accident." This clause does not in any way limit the sources of the covered person's legal responsibility—other than that the liability had to result from an auto accident. Thus, as in *Wolford, Crandall,* and *Mancheski,* the coverage clause contains no controlling words of limitation precluding coverage of the legal responsibility imputed to the "covered person;" and there is no legal reason to add such words of limitation where none exist.

Furthermore, the exclusionary clause contains no language prohibiting insurance of a "covered person" in this matter. It bars coverage of the person who is driving without permission. Its language cannot be extended so that it bans coverage of statutory liability imposed upon a "covered person" stemming from a non-permissible use by a minor child.

The Court concludes that there is no insurance coverage for Baynum under the Peninsula policy. However, Ms. Swiggett is a "covered person" who has become legally responsible to Gerharda Cox for her son's auto accident pursuant to 21 *Del.C.* § 6105(a). Because her legal responsibility is insured under the terms of the policy, State Farm's motion for summary judgment is GRANTED, and Peninsula's motion for summary judgment is DENIED.

IT IS SO ORDERED.