537 So.2d 1120 (1989)
Michael BROWN, Appellant,
v.
Philip Meaime CHAMPEAU, et al., Appellees.
No. 88-206.
District Court of Appeal of Florida, Fifth District.
February 2, 1989.
*1121 Ricci & Roberts, P.A., and Philip M. Burlington and Edna L. Caruso, P.A., West Palm Beach, for appellant.
F. Bradley Hassell, of Eubank, Hassell & Miles, Daytona Beach, for appellee General Acc.
No appearance for appellees Philip Meaime Champeau and Charlotte Boudreau.
EN BANC
COBB, Judge.
We consider this matter en banc pursuant to Florida Rule of Appellate Procedure 9.331(a) in order to maintain uniformity in this court's decisions by receding from our erroneous opinion in Boudreau v. General Accident Fire and Life Insurance Corporation, Ltd., 466 So.2d 338 (Fla. 5th DCA), review denied, 476 So.2d 672 (Fla. 1985). Since that prior opinion also represents "the law of the case" in regard to the instant dispute, this opinion also constitutes a reconsideration of that opinion, as a matter of grace, in order to correct the manifest injustice resulting from it. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965).
Facts giving rise to this legal quandary originated when Charlotte Boudreau signed an application for her minor son's driver's license, thereby agreeing to be jointly liable for any damages caused by his negligence in accordance with section 322.09, Florida Statutes (1981).[1] The son, Philip Champeau, who lived separately from his mother and stepfather, then had an accident in 1982 in a car he owned, thereby injuring Michael Brown. Brown sued Champeau and Charlotte Boudreau for damages; she, in turn, filed a third party action for declaratory relief against General Accident, which had issued a policy to her husband, James Boudreau. General Accident denied coverage. The trial court held that there was no coverage. Charlotte Boudreau appealed. Up until that time, Brown had not joined General Accident in his complaint.
The issue before us on that prior appeal concerned coverage of Charlotte for Champeau's negligence, which was imputed to her by statute. The coverage issue turned on interpretation of the following language in the General Accident policy issued to her husband:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident... .

*1122 `Covered person' as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.
In our 1985 opinion, through no fault of the appellant's counsel, we unfortunately concentrated on Paragraph 4 above and agreed with the conclusion of the trial judge that there was no coverage. We overlooked the coverage clearly provided pursuant to Paragraph 1 in the definition of a "covered person." Charlotte Boudreau was a "family member" under the policy because she was James's wife and resided in his household. She was, therefore, a "covered person" with respect to "the ... use of any automobile" (which, of course, included Champeau's) for which she became legally responsible because of the 1982 accident which injured Brown. The policy does not condition coverage on the use of a particular car or the involvement of a particular driver. Paragraph 1 does not limit coverage to a family member for that person's use of any auto, but refers merely to the use of any auto. See Scott v. American Standard Insurance Company of Wisconsin, 132 Wis.2d 304, 392 N.W.2d 461 (App. 1986).
Insuring agreements such as that quoted above customarily have been construed as providing coverage for named insureds (and family members) even where they are vicariously liable for the use of a vehicle by another person. As stated in Couch on Insurance 2d, section 45:241. at page 540 (Rev. ed.):
Under a provision furnishing insurance for the use of other automobiles, such coverage applies to the named insured's liability arising from the use of other automobiles no matter who causes that liability  the named insured or some other person for whose acts the insured is responsible  that is, when a policy speaks in terms of insuring liability with respect to the "use of other automobiles," the provision is not limited to a use made of an automobile only by the insured, but includes the use by any other person where such use imposes liability upon the insured.
Consequently, where by a statute a father is jointly and severally liable for the negligence of his minor son while driving the car of another person, the father's insurer is liable for the harm resulting from the son's "use" of such "other automobile." [Footnotes omitted].
After the Boudreau appeal was decided by this court, Brown amended his complaint to allege, for the first time, that General Accident provided coverage to Charlotte for the 1982 accident. The trial judge, within the exercise of his sound discretion, could have denied this amendment as untimely, but he did not do so. However, consistent with his prior ruling and the "law of the case" as established by this court in Boudreau, the trial judge once again held in favor of General Accident on the coverage issue, prompting the instant appeal by Brown.
For the reasons set forth above, we now hold that the policy at issue provided coverage to Charlotte Boudreau for the 1982 accident wherein Philip Champeau's negligence caused injury to Michael Brown.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
SHARP, C.J., and DAUKSCH, ORFINGER, COWART, DANIEL and GOSHORN, JJ., concur.
NOTES
[1] Section 322.09, Florida Statutes (1981) provides:

Application of minors. 
(1)(a) The application of any person under the age of 18 years for an instruction permit or driver's license shall be signed and verified before a person authorized to administer oaths by the father, mother, or guardian or, in the event there is no parent or guardian, by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. This section shall not apply to a person under the age of 18 years who is emancipated by marriage.
(b) There shall be submitted with each application a certified copy of the birth certificate of the applicant. If the applicant is unable to furnish such certified copy, a certificate from the public school authorities as to the age of the applicant upon entering school as required by s. 232.03, or the school authorities of the state where applicant enrolled in school, shall be submitted. Upon inability of applicant to establish a birth date as above provided, then the same may be established in the order of preference as provided by s. 232.03. However, uncertified copies of such documents shall not be accepted.
(2) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.