566 So.2d 901 (1990)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
John T. SWETOKOS, John J. Swetokos and Todd McConnell, Appellees.
No. 90-1020.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellant.
*902 Robert F. Jordan of Grevior & Jordan, Fort Lauderdale, for appellee, Todd McConnell.
PER CURIAM.
Appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals from a final summary judgment and contends that the trial court erred in concluding that its policy affords coverage for the insured's son, who did not live with the insured, by virtue of the insured's vicarious liability under section 322.09(2), Florida Statutes (1989).[1] We agree and reverse.
Appellant provides automobile insurance coverage for John T. Swetokos ("John Sr."), the only named insured, and his 1986 truck. John Sr.'s son, John J. Swetokos ("John Jr."), was involved in an automobile accident injuring appellee, Todd McConnell, while operating a vehicle owned and insured by John Jr.'s grandfather. At the time of the accident John Jr., a minor, lived apart from his father. Appellee settled with the grandfather's insurer. He then filed suit against John Sr., claiming that the signing of John Jr.'s application for a driver's permit made John Sr. vicariously liable for the negligence of his son under section 322.09(2). Appellant filed a declaratory action arguing that its policy did not afford coverage for John Jr. The trial court concluded that appellant's policy extended to John Jr. based upon the policy's "use of other vehicles" provision. Appellant argues that John Jr. did not constitute an insured party under the terms of the policy and that John Sr.'s coverage could not extend beyond the terms of the policy.
The policy in question provides, in pertinent part:
Coverage for the Use of Other Cars
The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.

Who Is an Insured
... .
When we refer to a non-owned car, insured means:
1. the first person named in the declarations;
2. his or her spouse;

3. their relatives; and
4. any person or organization which does not own or hire the car but is liable for its use by one of the above persons.

... .

Relative  means a person related to you or your spouse by blood, marriage or adoption (including a ward or foster child) who lives with you. It includes your unmarried and unemancipated child away at school.
... .

Non-Owned Car  means a car not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of:

you, your spouse, or any relatives.

The use has to be within the scope of consent of the owner or person in lawful possession of it. (emphasis in original).
The vehicle involved constituted a "non-owned car" under the policy given that John Sr. did not own or have any control over it. The policy conditions coverage of "non-owned cars" to their "use, by an insured." John Jr. is not an "insured" under the provision given that he did not live with John Sr. at the time of the accident, so as to preclude defining John Jr. as a "relative." Therefore, under the terms of the policy, John Jr. was not covered.
Appellee's reliance upon Brown v. Champeau, 537 So.2d 1120 (Fla. 5th DCA 1989), is misplaced. The facts of Brown are similar except that the terms of that policy are distinguishable. In Brown, Charlotte Boudreau signed her minor son's application for a driver's licence. Her son, *903 who was living apart from Boudreau and his stepfather (Boudreau's husband) at the time, was involved in an accident in a car he owned. Boudreau was found to be covered under her husband's policy, but the insurer denied coverage for her son's negligence. The policy provided:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of any auto accident... .
`Covered person' as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.

Brown at 1121-22 (emphasis added). The policy in Brown did not condition coverage on any particular class of vehicle or driver; it provided coverage for "any auto." The Fifth District determined that with no such conditions, the terms of the policy contemplated coverage for the non-insured's negligence. Here, appellant's policy did condition coverage of non-owned cars to the use by insureds. Since John Jr. failed to qualify as an insured, the policy in no way contemplated coverage to extend to his acts. See generally Henigson v. Davis, 305 So.2d 86 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 180 (1975) (coverage for insured's vicarious liability did not extend beyond that contemplated under the policy).
Accordingly, we reverse the trial court's judgment and remand with directions to enter a summary judgment in favor of appellant.
REVERSED and REMANDED.
DELL, WARNER and POLEN, JJ., concur.
NOTES
[1] That section provides:

Any negligence or willful misconduct of a minor under the age of 18 years when drivng a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.