579 So.2d 211 (1991)
Phillip TOMLINSON, As Personal Representative of the Estate of Lorie Ann Tomlinson, Deceased, and Jason Daugherty, Robert Daugherty and Penny Daugherty, Appellants,
v.
STATE FARM Fire and Casualty Company and State Farm Mutual Automobile Insurance Company, a Foreign Corporation, Appellees.
No. 89-02861.
District Court of Appeal of Florida, Second District.
April 24, 1991.
Rehearing Denied May 15, 1991.
Michael D. Eriksen of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, *212 P.A., West Palm Beach, for appellant Tomlinson.
Louise H. McMurray, Miami, and Mark Norden, P.A., Fort Myers, for appellants Daugherty.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
LEHAN, Judge.
This declaratory judgment suit was filed by appellee insurers against Mr. and Mrs. Robert Daugherty; their minor son, Jason Daugherty; and Philip Tomlinson, as personal representative of the estate of his daughter, Lorie Ann Tomlinson, to resolve a coverage dispute under insurance policies issued to Mr. and Mrs. Daugherty. The dispute concerned whether there was coverage under the policies for the death of Lorie Ann Tomlinson which was caused by Jason Daugherty's operation of a motorcycle. Philip Tomlinson, as personal representative, had filed a separate suit against the Daughertys for that death. For the reasons outlined below we affirm the summary judgment determining that there was no coverage under the policies.
Mr. Tomlinson first contends that, in light of section 627.7262, Florida Statutes (1989), the trial court improperly determined the issues of coverage because Mr. Tomlinson had not obtained a judgment against the Daughertys. Section 627.7262(1) provides,
It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
Since section 627.7262 applies to declaratory judgment actions against insurers and not to actions by insurers like this action, we conclude that the coverage issue was properly addressed by the trial court. See State Auto Mutual Ins. Co. v. Scroggins, 529 So.2d 1194 (Fla. 5th DCA 1988).[1]
We also conclude, contrary to Mr. Tomlinson's second contention, that the trial court properly determined that the policies either did not provide for or excluded coverage, as we will explain.
The three basic car policies issued to Mr. and Mrs. Daugherty did not provide for coverage because they covered the three particular cars listed on the declaration pages of the policies and did not cover the motorcycle as a newly acquired, temporary substitute, or nonowned car which must, under the policies, have been "a land motor vehicle with four or more wheels."
The homeowners' policy excluded coverage because it specifically excluded coverage from "bodily injury ... arising out of the ownership, maintenance, use ... of ... a motor vehicle owned or operated by ... an insured." Under the policy Jason, as a resident member of the Daughertys' household, was an insured. See Allstate Ins. Co. v. Caronia, 395 So.2d 1221 (Fla. 3d DCA 1981).
The umbrella policy excluded coverage because it specifically provided that
We will not provide ... Personal Liability or Defense and Settlement Coverage for any insured for a loss sustained while an automobile ... or any other motorized land vehicle is driven or operated by JASON ALFRED DAUGHERTY.
We do not conclude that language on the declaration page of the umbrella policy saying that "You [the insureds] agree that the underlying insurance listed below ... insures all land motor vehicles ... owned by ... you" creates coverage of the motorcycle under the basic car policies. By that language the Daughertys specifically *213 agreed, as a condition to the umbrella policy, that all land motor vehicles owned by them were insured under the basic car policies which, as we have explained, was not the case with respect to the motorcycle. See Travelers Indemnity Co. v. Overseas Ace Hardware Inc., 550 So.2d 12, 13 (Fla. 3d DCA 1989). No reasonable insured would in our view have understood the umbrella policy to provide for coverage of the motorcycle operated by Jason, nor did the Daughertys so understand, as their depositions clearly show. They admitted that they knew that Jason was operating the motorcycle without insurance coverage.
We find no merit in the Daughertys' additional arguments that there was coverage because Mrs. Daugherty signed Jason's driver's license application, see Quinn v. Gorman, 354 So.2d 429 (Fla. 4th DCA 1978), that there was coverage under the homeowners' policy for alleged negligent supervision of Jason by his parents, see Cesarini v. American Druggist Ins. Co., 463 So.2d 451 (Fla. 2d DCA 1985), and that the loss was not within the above referenced exclusion from the umbrella policy because the loss had not been shown to have occurred "while" the motorcycle was being operated by Jason; it was uncontroverted that the death for which coverage was claimed was caused by Jason's operation of the motorcycle. Nor do we find merit in the argument of the Daughertys concerning an oversized helmet having been provided to Lorie; that argument was not raised below and therefore was not preserved for appeal.
Affirmed.
SCHOONOVER, C.J., and DANAHY, J., concur.
NOTES
[1] Mr. Tomlinson relies upon subsection (2) of section 627.7262 which provides,

No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
We do not conclude that subsection (2) changes the foregoing import of subsection (1).