PROGRESSIVE NORTHERN INSURANCE COMPANY,
Plaintiff-Respondent,

v.

David JACOBSON, Defendant,

The ESTATE OF Shawn LOESCHER, by its Special
Administrator, Susan Whiteaker,
Defendant-Appellant,†

The ESTATE OF Michael J. HIATT,
by its Special Administrator, Sandie Johnson,
Defendant-Co-Appellant.

Court of Appeals

*No. 2010AP2660. Submitted on briefs September 6, 2011.
—Decided September 27, 2011.*

2011 WI App 140

(Also reported in 804 N.W.2d 838.)

† Petition for Review denied 2-23-12.

533

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephanie L. Finn* and *Jay E. Heit* of *Herrick & Hart, S.C.*, Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Daniel R. Peters* of *Pietz, VanderWaal, Stacker & Rottier, S.C.*, Wausau.

Before Hoover, P.J., Peterson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. The Estate of Shawn Loescher and the Estate of Michael Hiatt (collectively, the Estates) appeal a summary judgment in favor of Progressive Northern Insurance Company. The circuit court determined that the Progressive policy issued to Laura Link

did not cover Link's statutory liability for the negligence of her son, whose driver's license Link sponsored. Specifically, the court concluded that Link's sponsorship did not constitute "use" of her son's vehicle. We affirm.

## BACKGROUND

¶ 2. The pertinent facts are undisputed. Loescher and Hiatt, both passengers in David Jacobson's vehicle, were killed when Jacobson lost control of his car and veered off the roadway. Jacobson was a minor at the time of the accident, but the car was titled in his name and he carried his own auto insurance. Jacobson's driver's license had been sponsored by his mother, Laura Link, in accordance with WIS. STAT. § 343.15(1)(a).[1] Under § 343.15(2)(b), the sponsor of a minor's license is jointly and severally liable for the minor's negligence when operating a motor vehicle.

¶ 3. Progressive is Link's auto insurer. Jacobson's vehicle was not insured under Link's Progressive policy. The Progressive policy promises to pay "damages for bodily injury and property damage for which an Insured person becomes legally responsible because of an accident." There is no dispute that this provision, standing alone, would obligate Progressive to defend and indemnify Link for her sponsorship liability. However, the Progressive policy also contains a "relative" exclusion, which excludes coverage for "bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle owned by a relative or furnished or available for the regular use of a relative, other than a covered auto for which this coverage has been pur-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

chased." The relative exclusion goes on to state that it "does not apply to [Link's] maintenance or use of such vehicle[.]"

¶ 4.    Progressive commenced this action seeking a declaration that it had no duty to defend and indemnify Link for her sponsorship liability. The Estates counterclaimed for damages arising from Loescher's and Hiatt's deaths.

¶ 5.    Progressive filed a motion for summary judgment. It argued that the relative exclusion definitively resolved the coverage issue. The Estates agreed that the exclusion would preclude coverage but for the exception contained in the exclusion's last sentence, which states that Progressive will cover Link's "maintenance or use of such vehicle." The Estates argued that Link's sponsorship constituted "use" of Jacobson's auto.[2]

¶ 6.    The circuit court granted Progressive's motion. It determined that the relative exclusion relieved Progressive of its duty to defend and indemnify. The court construed the last sentence of the exclusion, which excepts Link's use of a relative's vehicle from the exclusion's scope, to require some measure of control over the vehicle. It concluded mere sponsorship of a minor's driver's license was insufficient evidence of control where the sponsor did not own the vehicle, was not in it, and did not operate it or direct its use.

## DISCUSSION

¶ 7.    The Estates argue on appeal that the circuit court incorrectly granted Progressive's summary judgment motion. The methodology governing summary

---

[2] The Estates also argued that Link's alleged negligent entrustment and supervision constituted "use" of Jacobson's auto for purposes of the Progressive policy, but have abandoned that argument on appeal.

judgment is well-established and we need not repeat it in its entirety. *See Ixonia State Bank v. Schuelke,* 171 Wis. 2d 89, 94, 491 N.W.2d 772 (Ct. App. 1992). In essence, a motion for summary judgment must be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08.

¶ 8.   Determining whether summary judgment was properly granted requires interpretation of Link's insurance policy. Insurance contract interpretation is a question of law subject to de novo review. *Folkman v. Quamme,* 2003 WI 116, ¶ 12, 264 Wis. 2d 617, 665 N.W.2d 857. We construe insurance policies to give effect to the intent of the parties as expressed in the policy language. *Id.* We interpret policy language according "to what a reasonable person in the position of the insured would have understood the words to mean." *Id.,* ¶ 20.

¶ 9.   At issue in this appeal is the meaning of the relative exclusion, which is commonly placed in auto policies. Its purpose is to "avoid coverage for several vehicles owned by members of the same family who, by their close relationship, might be expected to use each other's cars without hindrance and with or without permission." *Limpert v. Smith,* 56 Wis. 2d 632, 638, 203 N.W.2d 29 (1973). Without such an exclusion, "a person could purchase just one policy on only one automobile and thereby secure coverage for all the other vehicles he may own or vehicles the members of his family own while residents of the same household." *Id.*

¶ 10.   With that purpose in mind, we turn to the exclusion's language. Progressive has disclaimed coverage for injuries "arising out of the ownership, maintenance, or use of any vehicle owned by a relative or

538

furnished or available for the regular use of a relative, other than a covered auto for which this coverage has been purchased." There is no dispute that the accident vehicle was owned by Jacobson and is not an auto covered by the Progressive policy. The parties therefore agree that, if this were all the exclusion said, Progressive need not defend and indemnify Link.

¶ 11.   This appeal turns on the meaning of the exclusion's final sentence, which establishes an exception to the preceding exclusionary language. The exception reinstates coverage for "your maintenance or use of such vehicle." Put simply, Progressive will provide coverage for the named insured's maintenance or use of a vehicle owned by a relative.[3] The question therefore becomes whether Link's sponsorship of Jacobson's driver's license constituted use of his vehicle.

¶ 12.   "Use" is not defined in the policy, but is commonly found in auto insurance policies and has been defined by our case law. *See Trampf v. Prudential Prop. & Cas. Co.*, 199 Wis. 2d 380, 387, 544 N.W.2d 596 (Ct. App. 1996). Though "use" is a broad term and is given a liberal construction, it is not without limitation. *Van Dyn Hoven v. Pekin Ins. Co.*, 2002 WI App 256, ¶ 8, 258 Wis. 2d 133, 653 N.W.2d 320. We must ascertain whether the injury-causing activity, and the negligence that brought the injury about, is within the risk for which the parties reasonably contemplated coverage.

[3] The policy defines "your" as the named insured and his or her spouse residing in the same household.

The Estates do not argue that their damages arose from Link's "maintenance" of Jacobson's vehicle. Therefore, we need not address that issue.

*Garcia v. Regent Ins. Co.*, 167 Wis. 2d 287, 295, 481 N.W.2d 660 (Ct. App. 1992). This is usually determined by asking whether the activity is reasonably consistent with the inherent nature of the vehicle. *Id.*; *see also Thompson v. State Farm Mut. Auto. Ins. Co.*, 161 Wis. 2d 450, 462, 468 N.W.2d 432 (1991); *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.*, 95 Wis. 2d 215, 224–25, 290 N.W.2d 285 (1980); *Lawver v. Boling*, 71 Wis. 2d 408, 416, 238 N.W.2d 514 (1976).

¶ 13.   Here, the Estates assert that Link's sponsorship of Jacobson's driver's license constitutes her "use" of Jacobson's vehicle. Because juveniles generally do not possess mental discretion to the same degree as adults, and generally lack adequate finances to cover potential damages they may cause, our legislature has concluded that the best way to protect the public is to have an adult share responsibility. *See Mikaelian v. Woyak*, 121 Wis. 2d 581, 594, 360 N.W.2d 706 (Ct. App. 1984). WISCONSIN STAT. § 343.15(1)(a) mandates that every license application of a minor be accompanied by the signature of a parent or other adult sponsor. Any negligence or willful misconduct of the minor while operating the vehicle is imputed to the parents or sponsor. WIS. STAT. § 343.15(2)(b).

¶ 14.   Whether an insured's sponsorship of a relative's driver's license constitutes a use of the relative's vehicle appears to be a novel question. Although each party trumpets a sponsorship case it believes controlling, we deem the matter unresolved.

¶ 15.   Progressive contends this case is controlled by *Limpert*, 56 Wis. 2d at 638–41, in which our supreme court held that an insurer was not obligated to provide coverage under similar facts. The pertinent policy language in *Limpert*, however, simply excluded coverage for any auto not described in the policy declarations,

without reintroducing coverage for the named insured's use of a relative's auto. *Id.* at 636. Thus, contrary to Progressive's assertion, the coverage issue in *Limpert* did not turn on whether the insured's sponsorship of a minor relative's license constituted use of the relative's vehicle.

¶ 16. The Estates assert that *Scott v. American Standard Insurance Co.*, 132 Wis. 2d 304, 392 N.W.2d 461 (Ct. App. 1986), is on all fours with the present case. The policy in that case obligated the insurer to pay for damages for which "any covered person becomes legally responsible because of an auto accident." *Id.* at 306–07. Our coverage determination turned on that language, not whether the sponsor in that case used the minor's automobile by virtue of her sponsorship. *See id.* at 307–08. Neither *Limpert* nor *Scott* is directly on point.

¶ 17. The Estates correctly argue that "use" need not involve the direct, physical operation of the vehicle. "It is well settled that the insured does not have to 'use' the vehicle in the sense of moving it forward, backing it up, putting it in gear, etc., for coverage under the 'use' language of an automobile insurance policy." *Garcia*, 167 Wis. 2d at 296. The insured does not even have to be in direct contact with the vehicle to be using it. *Id.*

¶ 18. However, the "use" must have some foundation in the inherent nature of the vehicle. This, in turn, is measured by "whether the activity is reasonably expected as a normal incident to the vehicle's use." *Id.* at 297. These activities can range beyond ordinary transportation, but generally involve some closely related activity. *See Thompson*, 161 Wis. 2d at 458–59 (insurer could reasonably expect that a truck might be used for

hunting, and that a hunter might use the truck bed as a platform from which to hunt); *Lawver*, 71 Wis. 2d at 411, 416 (raising and lowering a platform using a truck and pulley constitutes 'use' of the vehicle); *Allstate Ins. Co. v. Truck Ins. Exch.*, 63 Wis. 2d 148, 158, 216 N.W.2d 205 (1974) (reasonable and expected 'use' of a van includes loading and unloading hunting equipment); *Trampf*, 199 Wis. 2d at 389 ('use' includes transportation of dogs in the bed of a vehicle); *Garcia*, 167 Wis. 2d at 297–98 (driver's call and gesture to pedestrian subsequently hit while crossing the street a 'use' of the vehicle); *Tasker v. Larson*, 149 Wis. 2d 756, 761, 439 N.W.2d 159 (Ct. App. 1989) (leaving a child in a vehicle during a brief errand reasonably consistent with inherent nature of vehicle).

¶ 19.   Mere sponsorship is an act too far removed from the inherent nature of a vehicle to deem a "use" by an insured. The sponsorship statute does not require that the sponsor accompany the juvenile, give the juvenile permission to drive, or even know that the juvenile is driving. The statute simply makes the sponsor liable for the negative consequences of the juvenile's wrongful conduct. In this way, sponsorship is akin to an act that, while tangentially related to a use of an auto, falls short of being a risk for which the parties contemplated coverage. *See Tomlin*, 95 Wis. 2d at 225 (minor's stabbing of a police officer during traffic stop not a use reasonably contemplated by the parties and not an act consistent with the inherent use of an automobile); *Van Dyn Hoven*, 258 Wis. 2d 133, ¶ 10 (no coverage for fatal stabbing that occurred in a truck).

██

¶ 20.   The Estates contend that Progressive must provide coverage because "but for [Link's] sponsorship, [Jacobson] would not have had a driver's license and

would not have been driving the vehicle involved in the accident." This argument incorrectly equates coverage with causation. "The causal connection required to be established between the use of the automobile and the injuries is not the type which would ordinarily be necessary to warrant a finding of 'proximate cause' or 'substantial factor' as those terms are used in imposing liability for negligent conduct." *Lawver*, 71 Wis. 2d at 415. Even if Link's sponsorship was a legal cause of Loescher's and Hiatt's deaths (a matter we do not decide), that does not answer whether Link's sponsorship was a use of Jacobson's vehicle.

■

¶ 21. The Estates also argue the relative exclusion is ambiguous and must be construed in favor of coverage. "Insurance policy language is ambiguous if it is susceptible to more than one reasonable interpretation." *Folkman*, 264 Wis. 2d 617, ¶ 13 (citation omitted). As we have explained, the relative exclusion's meaning is plain; Progressive will not cover damages arising from the use of a relative's vehicle unless the person using it is a named insured. Here, Link did not use Jacobson's vehicle solely by virtue of her sponsorship of his driver's license. The circuit court properly enforced the policy as it was written. *See id.*

*By the Court.*—Judgment affirmed.