# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1488
Lower Tribunal No. 23-26785-CA-01
_____

**Yordany Zamora Lopez, et al.,**
Appellants,

vs.

**U-Haul Co. of Florida, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Llopiz Wizel LLP, and Joan Carlos Wizel and Onier Llopiz (Fort Lauderdale), for appellants.

Bowman and Brooke LLP, and Wendy F. Lumish and Daniel A. Rock, for appellees.

Before SCALES, C.J., and LOGUE and MILLER, JJ.

LOGUE, J.

This appeal arises from a lawsuit filed by an insurer seeking a declaratory judgment that no coverage existed for a certain claim. The insurer sued its insured, as well as certain third-party claimants. The third-party claimants contended they were injured by the insured's negligence and planned to seek payment from the insurance proceeds as third-party beneficiaries, but they had not yet obtained a settlement or verdict.[1] The insured, meanwhile, failed to appear in the declaratory judgment action and the insurer moved for a default final judgment against the insured based on fraud and failure to cooperate.

The third-party claimants opposed entry of a default final judgment. The trial court, however, agreed with the insurer that, although they were defendants to the action for declaratory judgment, the third-party claimants lacked standing to contest the insurer's motion for default final judgment. Nevertheless, the trial court issued a broad final judgment, which all parties before this Court have agreed will affect the third-party claimants' rights and will preclude them from obtaining insurance proceeds if and when they obtain

[1] The appellant third-party claimants are Yordany Zamora Lopez, Beatriz Guzman, and Juveally M. Lopez (collectively, "third-party claimants"). The insured is Alberto Camps Perez ("insured"). And the appellees are U-Haul Co. of Florida, U-Haul Co. of Arizona, and Arcoa Risk Retention Group, Inc. (collectively, "insurer").

a verdict or settlement against the insured. The third-party claimants appealed. On appeal, the insurer again contends the third-party claimants lack standing.

This case involves an apparent anomaly in Florida law. It is well-established that third-party claimants injured by an insured's negligence have a right as third-party beneficiaries to payment from the insured's insurance proceeds. It is equally well-established that the third-party claimants' rights in this regard do not accrue unless and until they obtain a verdict or settlement against the insured. A quick review of this law is helpful at this point.

Section 627.4136, Florida Statutes,[2] requires that persons not a party to a liability insurance contract obtain a settlement or judgment against the

_____

[2] Section 627.4136 provides as follows:

> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

> (2) . . . No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a

3

insured as a condition precedent "to the accrual" of a cause of action against the liability insurer. <u>See</u> § 627.4136(1), Fla. Stat. Indeed, section 627.4136(2) expressly provides that until this condition precedent is met, "<u>[n]o person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise[.]</u>" § 627.4136(2), Fla. Stat. (emphasis added).

Because the third-party claimants' cause of action has not "accrued" and indeed, they do not "have any interest in such policy, either as a third-party beneficiary or otherwise," third-party claimants cannot sue the insurer or name the insurer in a lawsuit against the insured.[3] <u>Cf.</u> <u>Williams v. Am.</u>

---

settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

§ 627.4136, Fla. Stat.

[3] <u>Canadian Home Ins. Co. v. Norris</u>, 471 So. 2d 217, 218 (Fla. 4th DCA 1985) ("Section 627.7262, Florida Statutes (1983), amended as of October 1, 1982, modifies the common law rule which permitted direct joinder of an insurer in an action by the injured third-party beneficiary. <u>VanBibber v. Hartford Accident & Indemnity Insurance Company</u>, 439 So. 2d 880 (Fla.1983); <u>Osborne v. Elizabeth Massey Investment Corporation</u>, 467 So. 2d 1095 (Fla. 4th DCA 1985). As the statute is currently drafted, a plaintiff's third-party interest in the insurance policy must vest, by way of final judgment, before an action is filed against the insurer."); <u>Hazen v. Allstate Ins. Co.</u>, 952 So. 2d 531, 535-36 (Fla. 2d DCA 2007) (noting that Florida's first nonjoinder statute, section 627.7262 enacted in 1976, "was a legislative response to the decision[ ] in <u>Shingleton v. Bussey</u>, 223 So. 2d 713 (Fla. 1969)" and that under the nonjoinder statute, "the injured third party had no right of action

Optical Corp., 985 So. 2d 23, 27 (Fla. 4th DCA 2008) ("Florida law is well established that the right to sue on an inchoate cause of action—one that has not yet accrued—is not a vested right because no one has a vested right in the common law, which the Legislature may substantively change prospectively."); id. at 30 ("The right to pursue a cause of action is generally considered to have become vested when the cause of action has accrued.").

So here is the anomaly: It is also a well-established and continuing practice in Florida for insurers, when suing insureds in an action for declaratory judgments of no coverage, to name as defendants potential third-party claimants, even when the third-party claimants have not yet obtained a verdict or settlement and therefore they do not "have any interest in such policy, either as a third-party beneficiary or otherwise." In these circumstances, the third-party claimants' interests are not sufficiently choate to sue insurers but are presumably sufficiently choate to be sued by insurers and bound by such declarations. See generally Tomlinson v. State Farm Fire & Cas. Co., 579 So. 2d 211, 212 (Fla. 2d DCA 1991) (concluding without discussing the nature of the third-party claimants' inchoate interest, "[s]ince

---

against the insurer under a liability policy before obtaining a judgment against the insured"); Morales v. Zenith Ins. Co., 714 F.3d 1220, 1232 (11th Cir. 2013) (noting that in response to Shingleton, "the Florida Legislature enacted a statute which limited the circumstances under which an injured third party could sue an insurer as a third party beneficiary to a liability policy").

section 627.7262 applies to declaratory judgment actions <u>against</u> insurers and not to actions <u>by</u> insurers like this action, we conclude that the coverage issue was properly addressed by the trial court").

Neither party asks this Court to review the appropriateness of this well-established, albeit apparently anomalous practice. And indeed, it may well have some practical benefits in bringing all relevant interests together in one lawsuit, which might facilitate early settlements. Thus, we do not reach the appropriateness of this practice or the issue of whether such third-party claimants can seek to be dismissed from such suits unless and until they have a verdict or settlement which would give them an interest in the policy.

Under the circumstances presented here, where the insurer named the third-party claimants as defendants in an action for a declaration of no coverage, the trial court erred in its blanket determination that the third-party claimants lacked any standing to contest a declaration that will preclude them from claiming a right as third-party beneficiaries to payment from the proceeds of a policy if and when they obtain a verdict or settlement.[4] We fail

_____

[4] In so holding, we do not need to, and therefore do not, define the extent of these third-party beneficiary rights. While these rights appear expansive under <u>Shingleton</u>, they may have been narrowed by subsequent decisions. <u>See, e.g.</u>, <u>Universal Sec. Ins. Co. v. Spreadbury</u>, 524 So. 2d 1167, 1168 (Fla. 2d DCA 1988) (noting that with regard to issues of insurance coverage, such issues are between an insured and the insurer, not between an insurer and a third party to the insurance contract because such third parties cannot

6

to see how a party can be a defendant in a declaratory judgment action and be bound by the judgment but have no standing to defend or appeal.

We reverse the final judgment being appealed and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

maintain a cause of action against the insurer to determine if such coverage exists, citing section 627.7262 (the prior version of section 627.4136)). Cf. Gen. Sec. Ins. Co. v. Barrentine, 829 So. 2d 980, 983 (Fla. 1st DCA 2002) (holding it was improper for trial court to reach the merits of an issue relating to insurance coverage because it concerned certain statutory provisions affecting insurance policies that were "not enforceable by a third party[ ] merely because that party may have an interest in the outcome of a coverage dispute[,]" explaining that the third party "had no legal right to take the place of the named insured and therefore could not insist on compliance with the statute").